**Frank Nick KROHN, Appellant,**

v.

**Josephine Ollie KROHN, Respondent.**

No. 52905.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 9, 1988.

David N. Morgan, St. Louis, for appellant.

Richard J. Baugh, St. Louis, for respondent.

GRIMM, Judge.

Wife Josephine Ollie Krohn obtained a decree of dissolution by default when husband Frank Nick Krohn failed to file a responsive pleading to her petition. Husband appeals the denial of his "petition for review and/or motion to vacate judgment." He raises two issues. First, that the associate circuit judge who heard the evidence and entered the decree was not the associate circuit judge assigned to the case and therefore the judge did not have jurisdiction. We disagree, because § 478.225.3(1), RSMo 1978 (repealed effective January 1,

1987) gave such jurisdiction to all associate circuit judges in the County and City of St. Louis. Second, that the trial court erred in failing to treat his pleading as a separate equitable proceeding and overruling his motion without hearing any evidence. We agree, relying on *Sprung v. Negwer Materials, Inc.*, 727 S.W.2d 883 (Mo. banc 1987). Reversed and remanded.

A transcript was not filed of the default dissolution hearing, nor of the record, if any, of the hearing on husband's petition/motion. However, from the pleadings and attached affidavits, as well as the decree, we discern the following information. The parties were married on December 4, 1954, and separated on September 13, 1982. One child, Douglas, was born on November 11, 1970, and he resides with wife.

On August 11, 1986, wife filed her petition for dissolution of marriage. The return indicates service was obtained on husband on August 25, 1986. The cause was assigned to Team D5. The legal file also contains an undated order of the presiding judge of the circuit assigning this cause to "Associate Circuit Judge Div. 36."

Five days after he received his summons, husband met with and retained attorney David Goldenhersh. According to an affidavit attached to husband's petition/motion, Goldenhersh dictated a response and an entry of appearance to his secretary; he also gave his secretary instructions that, following transcription of those documents, she was to contact husband and have him review and sign them. An affidavit from the secretary basically confirms those statements. Her affidavit concludes by saying that the documents were timely prepared, "but due to inadvertence on my part, said documents were never filed."

On September 25, 1986, upon oral application of wife, default and inquiry was granted by Division D5 and the matter was set for trial on October 17, 1986. On that date, the matter was heard as a default case by Division 31, and a decree of dissolution issued. Husband's affidavit indicates that he first learned that the dissolution

had been granted when he received a certified decree of dissolution from the court; this was sometime after December 18, 1986.

On January 20, 1987, husband filed his petition, wherein he alleges, among other things, that (1) following his meeting with Goldenhersh, he didn't hear anything from him and he was acting under the belief and understanding that Goldenhersh had filed the appropriate papers and the matter was proceeding in its normal cause, (2) he has a meritorious defense, (3) the property was awarded "in a grossly disproportionate fashion," (4) wife is employed and does not need maintenance and the child support was excessive, (5) there will be no prejudice to wife if the default judgment is set aside and the cause heard on its merits, and (6) that Division 31 was "without jurisdiction per Chapter 517 of the Revised Statutes of the State of Missouri" to hear the matter since the case was assigned to Division 36. In a motion in opposition, wife alleged that husband has failed to pay "any monies due and owing under the Decree, including child support, maintenance, attorneys' fees, or court costs"; further, that husband "failed to state good legal or factual cause to set aside or modify the existing Judgment." Husband's motion was "called and heard" on February 13, 1987, and on March 2, 1987, the motion was overruled.

■ Husband's first point claims error because the associate circuit judge who heard the evidence and entered the decree was not the associate circuit judge assigned by the presiding circuit judge to do so and therefore did not have jurisdiction to enter the decree, citing §§ 478.225 and 478.240, RSMo 1978. However, § 478.225.3(1), RSMo 1978 says:

Each associate circuit judge within the county or the city of St. Louis for which he is an associate circuit judge may also hear and determine the following cases or classes of cases:

(1) Uncontested dissolution of marriage, legal separation or separate maintenance proceedings.

Husband contends that this statute is not applicable, urging that the category of an "uncontested dissolution of marriage" case be restricted to those cases where the parties have entered into a separation agreement pursuant to § 452.325.2 RSMo 1986. We do not believe that the legislature intended such a narrow interpretation. We believe that the term "uncontested" as used in this statute includes those cases which are heard by default. Default cases are cases to which the defendant has not responded and are ready to be heard by the court unchallenged; they are not then contested. We find that the associate circuit judge who heard the case had the jurisdiction to do so by virtue of § 478.225.3(1), RSMo 1978. Husband's first point is denied.

Before reaching husband's second point, we note that § 478.225 RSMo 1978 was repealed by the General Assembly in 1985. Laws of Missouri, 1985, p. 955. However, the repeal was effective January 1, 1987. *Id.* at 962. In its place, what is now § 478.225 RSMo 1986 was enacted, also effective January 1, 1987. *Id.* at 956. The special jurisdiction granted to associate circuit judges in the county of St. Louis and the city of St. Louis by § 478.225.3 RSMo 1978 (including uncontested dissolutions and uncontested motions to modify) does not appear in § 478.225 RSMo 1986. Thus, for an associate circuit judge to have such jurisdiction after January 1, 1987, it must be (1) "specifically provided by law", § 478.225.2(8) RSMo 1986; or (2) a case "or classes of cases that are assigned to the associate circuit judge pursuant to § 478.240 ["assign judges to hear such cases or classes of cases as the presiding judge may designate"], 478.245 [local court rules may provide "cases or classes of cases that may or shall be assigned to particular divisions"], 517.081 [certification and assignment], or Article V of the Missouri Constitution", § 478.225.3 RSMo 1986; or (3) accompanied by the "written consent to such hearing and determination executed by all of the parties to the case," § 478.225.4 RSMo 1986.

■ In his second point, husband alleges that the trial court committed error in (1) failing to treat his pleading as a separate equitable proceeding and (2) overruling his motion without hearing any evidence. Husband cites as authority for his position, *Sprung v. Negwer Materials, Inc.,* 727 S.W.2d 883 (Mo. banc 1987), which was handed down April 14, 1987, some six weeks after the trial court ruled husband's motion. In *Sprung,* plaintiff sued for damages when a cart tipped over, causing him to sustain injuries. There, defendant was served and the suit papers were turned over to a law firm. An attorney had pleadings prepared and after signing them, gave them to his secretary to mail to the circuit clerk. However, she allegedly mailed the pleadings to an insurance company by mistake; neither the circuit clerk nor plaintiff's counsel ever received the pleadings. Default judgment was entered, of which defense counsel first learned approximately six weeks later. Twelve days later, defendant filed two motions, a motion to set aside default judgment for irregularity and a motion to set aside default judgment on equitable grounds. The trial court, apparently without a hearing, denied the motion to set aside for irregularity, but granted the motion to set aside on equitable grounds. *Sprung* affirmed the trial court's denial to set aside for irregularity. *Id.* at 886. However, the court reversed the order granting the motion to set aside the judgment on equitable grounds, remanding it back to the trial court "with directions to treat defendant's Motion to Set Aside Final Judgment of Default as a petition in equity." *Id.* at 890.

Here, husband's motion to vacate judgment is not unlike the defendant's motion in *Sprung* to set aside default judgment. Thus, we find *Sprung* controlling. We do not fault the trial court in its summary disposition of husband's motion because *Sprung* had not yet been decided. However, now that direction has been given, the trial court should treat husband's motion as an independent suit in equity. As such, husband "is required not only to plead its cause, but also to prove it. And plaintiff is entitled to defend his judgment vigorously and to labor to defeat defendant's equitable claims." *Id.* at 889.

*Sprung* points out that in addition to requiring the defendant to show a meritorious defense and good reason or excuse for the default, the defendant must also show "that no injustice will accrue to the plaintiff as a result of the delay occasioned by setting aside the judgment," or, as it says later, "the absence of significant harm to plaintiff if the judgment is set aside." *Id.* at 889.

*Sprung* properly places great emphasis on the prejudice or lack of prejudice to the party who received the default judgment. An innocent plaintiff must not suffer by the setting aside of a default judgment. The possibility of prejudice occurring in the setting aside of a default decree is more likely in a dissolution case than in a damage suit. Parties often change their position once a decree of dissolution is granted. For example, a party may remarry, or property awarded to a party may be sold. Thus, if setting aside a default judgment would significantly effect an innocent petitioner, it should not be done.

We do not have before us the facts necessary to determine whether equitable grounds exist for setting aside the default judgment. There is nothing in the record to indicate that the trial court had such information for its consideration. And in view of the fact that *Sprung* was decided six weeks after the trial court ruled here, the parties and their attorneys were without guidance as to how to proceed. We therefore reverse the trial court's order denying husband's motion to vacate judgment. This cause is remanded with directions to treat husband's motion as a petition in equity[1] and for such other proceedings as may be consistent with this opinion and the dictates of *Sprung*.

GARY M. GAERTNER, P.J., and CRIST, J., concur.

---

1. Because the motion is treated as a petition in equity, if such motion is to be heard by an associate circuit judge, an assignment pursuant to § 478.240 will be required.