**JOHN W. MEARA & COMPANY, Respondent,**

v.

**Bill GEORGE, a/k/a William George, Appellant.**

**No. WD 40961.**

Missouri Court of Appeals, Western District.

Aug. 1, 1989.

Roland V. Heckman, Kansas City, for appellant.

Thomas A. Schwindt, and Mark J. Schultz, Kansas City, for respondent.

Before SHANGLER, P.J., and LOWENSTEIN and FENNER, JJ.

SHANGLER, Presiding Judge.

The appeal originates with a judgment by default for $13,381 rendered by the associate circuit judge on a petition on account. The petition was brought by John W. Meara & Co. as plaintiff and was duly served on the defendant William George. Answer was timely made accompanied by a counterclaim for actual and punitive damages for abuse of process. The counterclaim pleaded that the petition was brought out of malice and without reasonable

ground. The record discloses[1] that the trial date was set by the associate circuit court for December 2, 1987. Neither the defendant nor his counsel appeared. The court received the evidence of the witnesses, dismissed the counterclaim of the defendant George, and took the case under advisement. Judgment for the plaintiff for $13,381 together with interest was entered on December 7, 1987.

On December 23, 1987, within the time prescribed by the rules[2], defendant George brought a Motion to Set Aside Judgment and for New Trial. The motion alleged as ground a conversation with counsel for plaintiff on December 7, 1987, for the understanding that, since discovery was not yet complete and the defendant George was out of town, counsel for plaintiff would obtain a continuance of the case on December 2, 1987.[3] The motion also alleged that the defendant had a valid defense to the petition and that despite the presence of counsel for plaintiff in the courtroom when the judgment by default was rendered, he did not attempt to notify counsel for the defendant. The defendant became aware of the judgment on December 21, 1987. The countermotion of the plaintiff denied any understanding for a continuance, and asserted rather that coun-sel for defendant was aware of the December 2, 1987, trial date, and that he confirmed to counsel for plaintiff that he intended to try the case as scheduled. The countermotion also averred that it was counsel for plaintiff who informed adversary counsel of the rendition of judgment when they met by chance on December 21, 1987.

The composite motion to set aside the judgment and for new trial was denied by the associate circuit court on January 6, 1988. There is no intimation that any evidence was heard. In any event, the record on appeal does not include a transcript of any such proceeding. On that very day, January 6, 1988, the defendant made application to the circuit court for a trial de novo. The application was denied on August 10, 1988. The notice of appeal to this court was filed on August 22, 1988.

It is not evident from the recitations of the notice of appeal what actions of the trial courts aggrieved the defendant. The notice of appeal to this court treats the action of the associate circuit judge on the composite post-trial motion and the action of the circuit judge on the motion to dismiss the application for a trial de novo as a single judicial event. The record on appeal [as do the briefs and arguments], however,

1. The notice of appeal to this court advises that the proceedings were recorded on tape rather than by a reporter. *See* § 512.180.2. This case nevertheless comes to us without a transcript of any hearing or other proceeding that bears on the contentions on appeal, and hence consists only of the contents of the legal file. *See* Rule 81.12(a) & (c). The docket entry by the associate circuit judge in the case clearly designates "12-2-87 9:30" as the date and hour of trial.

2. The arguments and positions of the parties assume that their civil action before the associate circuit judge was a contested case on assignment under such procedures applicable before circuit judges, so that the rules of civil procedure were operative. *See* § 478.225.4, 478.225.-5, RSMo 1986; Rule 41.01. The preservation of the record of the proceedings validates that assumption. It is also the prerequisite for review of such a judgment by the court of appeals [§ 512.180.2, RSMo Supp.1988] and distinguishes the exercise of jurisdiction from that for which a trial de novo is the redress for a party aggrieved by the judgment [§ 512.180.1, RSMo Supp.1988]. An associate circuit judge has no authority to entertain and adjudicate after-trial motions under the rules of civil procedure

where a trial de novo is the right of an aggrieved party. *State ex rel. Blackwell v. Elrod,* 604 S.W.2d 768, 770[3] (Mo.App.1980).

The composite motion of the defendant to set aside the judgment and for a new trial, accordingly, was timely under Rule 75.01 and Rule 78.04. [Rule 74.06, effective on January 1, 1988, was not yet operative.]

3. The judgment of the associate circuit judge was entered on December 7, 1987, after the evidence was heard as scheduled on December 2, 1987. Any agreement that passed between counsel on December 7 for a continuance from the December 2 trial date, of course, could not constitute cause for the failure of counsel for the defendant not to have appeared on December 2. The motion alleges also that the judgment was entered against the defendant George on December 9, although the certified judgment and the docket entry also show that judgment was rendered on December 7, 1987. The recitations of the motion of the defendant, as well as the countermotion of the plaintiff, were in affidavit form.

delineates two judgments each final for purpose of appeal: the judgment of the associate circuit judge and the judgment of the circuit court. Each was rendered separately, at a different time, with a distinctive post-judgment history, and hence a different chronology for finality for purpose of appeal.

■ Appeals from cases tried before the associate circuit judge are governed by § 512.180, RSMo Supp.1988:

1. Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge, other than an associate circuit judge sitting in the probate division or who has been assigned to hear the case on the record under procedures applicable before circuit judges, shall have the right of a trial de novo in all cases where the petition claims damages not to exceed five thousand dollars.

2. In all other contested civil cases tried with or without a jury before an associate circuit judge or on assignment under such procedures applicable before circuit judges or in any misdemeanor case or county ordinance violation case a record shall be kept, and any person aggrieved by a judgment rendered in any such case may have an appeal upon that record to the appropriate appellate court. At the discretion of the judge, but in compliance with the rules of the supreme court, the record may be a stenographic record or one made by the utilization of electronic, magnetic, or mechanical sound or video recording devices.

The defendant acknowledges that the right to a trial de novo is the only redress subsection 1 allows a party aggrieved by a judgment where the petition seeks no more than $5000. *See State ex rel. JCA Architects, Inc. v. Honorable Gary Schmidt,* 751 S.W.2d 756, 758[2] (Mo. banc 1988). He argues nevertheless that in a contested civil case before an associate circuit judge where, as here, the petition seeks more than $5,000, subsection 2 allows the aggrieved party the alternatives of review of an appellate court *or* a trial de novo. That is the sense he imparts to

any person aggrieved by a judgment rendered in any such case *may* have an appeal upon that record to an appropriate appellate court. [emphasis added.]

The structure as well as the scheme of these subsections and of the integral statute belie any such purpose. *May* means only, in the usual sense, that the aggrieved litigant has the option of recourse to the appeals court for redress. The only right it grants is to appeal. The only alternative it grants is to not appeal. The option of a trial de novo is not open to the aggrieved litigant under subsection 2. That the trial de novo provision is exclusive to subsection 1 and is not intended to interrelate with subsection 2 is evident not only from the introduction: *In all other contested civil cases*—but also from the direction of subsection 2 that *a record shall be kept.* A *record* is a precondition of an appeal under subsection 2, and, in some form, a concomitant of any appeal under the rules of civil procedure. Rule 81.12 *et seq.* A record of trial proceedings, however, is superfluous and irrelevant to a trial de novo.

■ An appeal to the court of appeals of a judgment by an associate circuit judge under subsection 2 is governed by the rules applicable to appeals from judgments rendered by circuit judges. § 512.190.2, RSMo Supp.1988. Rule 81.04 requires that the notice of appeal be filed not later than ten days after the judgment or order appealed from becomes final. *LeGrand v. LeGrand,* 663 S.W.2d 339, 340[2, 3] (Mo. App.1983). The judgment of the associate circuit judge became final on January 6, 1988, when the court ruled on the motion to set aside the judgment and for new trial. Rule 81.05(a); *Rietsch v. T.W.H. Co., Inc.,* 702 S.W.2d 108, 110 (Mo.App.1985). The notice of appeal, filed on August 22, 1988— more than seven months after the associate circuit court judgment became final—was not effective to vest the court of appeals with jurisdiction of the cause for review. *Goldberg v. Mos,* 631 S.W.2d 342, 345 (Mo. 1982). The appeal from that judgment is dismissed.[4]

---

**4.** We note also that the transcript of the pro-

ceedings before the associate circuit court,

The judgment of the circuit court to dismiss the application for trial de novo was entered on August 10, 1988. The notice of appeal from that judgment was filed on August 22, 1988, and so was untimely to vest jurisdiction of that cause in this court. *Id.;* Rule 81.04. A trial de novo was a recourse in any event not open to the defendant George under § 512.180. The appeal from that judgment is also dismissed.

All concur.

---

which is the basis of the appeal under subsection 2 of § 512.180, was not a component of the record on appeal lodged with this court. It is a duty Rule 81.12 also imposes on an appellant. There is no explanation for this lapse, nor any stipulation on an agreed statement as the record on appeal on which our review can issue judgment. Rule 81.13. In the absence of such a record there is nothing presented for our review. *Cooper v. General Standard, Inc.,* 674 S.W.2d 117, 121[5, 6] (Mo.App.1984).