**WESTON POINT RESORT CONDOMINIUM OWNERS' ASSOCIATION, INC.,**
Plaintiff–Appellant,

v.

**Mariano N. FLORO, Jr., and Luz R. Floro, husband and wife,**
Defendants–Respondents.

No. 16882.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 17, 1990.

Faye M. Coultas, Osage Beach, for plaintiff-appellant.

John E. Curran, Alice Yahnig, Curran and Clifford, Osage Beach, for defendants-respondents.

SHRUM, Judge.

The issue in this case is the interpretation or application of § 512.180, RSMo 1986, and specifically, whether or not the Circuit Court of Camden County, Missouri, had jurisdiction to hear defendants' case de novo.

Plaintiff, a not-for-profit corporation whose members own condominium units at Weston Point Resort Condominiums in Camden County, Missouri, sued defendants for assessments claimed on Units G–10 and G–11. In Count I plaintiff sought $2,640 for alleged unpaid assessments on Unit G–10, plus late charges, interest and attorney fees.[1] By Count III plaintiff sought $2,640 plus late charges, interest and attorney fees on Unit G–11.[2] The suit was filed in the Associate Circuit Judge Division of the Camden County Circuit Court. The record reflects that no answer or other pleading was filed, no contest was made, nor was any defense raised by defendants as of August 18, 1989. On that date, without

1. In Count II and as an alternative pleading to Count I, plaintiffs sought the same amount of money on unit G–10 and also sought leave to foreclose on condominium Unit G–10 in accordance with statutory procedures.

2. Count IV was an alternative pleading to Count III and sought the same money relief as Count III on Unit G–11 plus Count IV sought leave to institute foreclosure on Unit G–11 pursuant to statutory procedures.

defendants' presence and with defendants' having never responded to the summons and petition, default judgment was entered in favor of plaintiff.[3] No stenographic record or electronic record, as described in § 512.180(2), was made of the default judgment proceedings. The petition filed by plaintiff, verified by plaintiff's lawyer, and the associate circuit court division docket sheet[4] is before this court. The affidavit mentioned as being filed August 18, 1989, was not filed with this court. On August 28, 1989, a timely application for trial de novo was filed by defendants. The case was assigned and ultimately tried de novo in the Camden County Circuit Court. Judgment was entered for defendants. After the de novo trial, plaintiff filed its motion to set aside judgment. It claimed the court lacked subject matter jurisdiction because the damages requested in its petition exceeded $5,000. Plaintiff cited as authority § 512.180(1), RSMo 1986. The trial court denied defendants' motion and this appeal followed. This court affirms.

■ The sole point presented by plaintiff on appeal is that the trial court's de novo judgment was void because the damages claimed in Count I ($2,640) plus the damages claimed in Count III ($2,640) (or the alternative to each such count) exceeded $5,000; accordingly, the trial court lacked jurisdiction by reason of § 512.180(1). Plaintiff argues that, in the aggregate, the damages sought by plaintiff in its petition were $5,280; therefore, defendants did not meet the requirement for trial de novo under subsection 1 of § 512.180 and should have proceeded under subsection 2 thereof. Such argument fails to recognize that

§ 512.180 is not the only source to be considered in determining if defendants were entitled to a trial de novo. The legislature's authority for establishing appellate jurisdiction for review of associate circuit court division decisions is derived from the Mo. Const. art. V, § 27(5), which provides, in part:

> The right to and method of review from a final judgment or appealable order of an associate circuit judge ... shall, *until otherwise provided by law,* be de novo before a circuit judge or another associate circuit judge within the circuit.... (Emphasis added.)

Effective January 1, 1987, the general assembly did "otherwise" make provision for review of a final judgment or appealable order of associate circuit court divisions by adopting § 512.180, which reads:

> (1) Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge ... shall have the right of a trial de novo in all cases where the petition claims damage not to exceed five thousand dollars.

> (2) In all other *contested* civil cases tried with or without a jury before an associate circuit judge ... a record shall be kept, and any person aggrieved by a judgment rendered in any such case may have an appeal upon that record to the appropriate appellate court.... [T]he record may be a stenographic record or one made by ... electronic ... recording device[ ]. (Emphasis added.)

By § 512.180(1), the legislature has retained trial de novo for all cases where the petition claims damages not to exceed

---

**3.** The docket entry (no formal judgment is found) read: "Case called, Plaintiff by Atty. Coultas. Defendants appear not and are in Default. Court [receives/reviews] evidence and finds for Plaintiff and against Defendant and enters Judgment for Plaintiff in the amount of $2890.00 plus late charges of $360.00 plus interest of $520.61, plus Atty. fee of $946.59 plus costs, said Judgment to be and hereby ordered a special lien upon the real property described in the petition in favor of Plaintiff." This court cannot be certain if the hand-written docket entry reads the court "receives" or the court "reviews" evidence.

**4.** The associate circuit court division docket sheet records: (a) 12/23/88: Petition filed, Summons issued; (b) 1/13/89: Summons returned "Bad Address"; (c) 2/16/89: Summons reissued; (d) 2/27/89: Summons served; (e) 3/15/89: Plaintiff advises case to be passed for settlement; (f) 8/18/89: Affidavit filed; (g) Docket entry recording judgment as shown in footnote 4; (h) 8/28/89: Application for Trial De Novo filed.

$5,000. In § 512.180(2), the general assembly has said that in all "other *contested* civil cases tried ... before an associate circuit judge ... a record shall be kept, and any person aggrieved by a judgment rendered in any such case may have an appeal upon that record to the appropriate appellate court." Section 512.180 makes no provision for appellate review of *uncontested* cases tried before associate circuit court divisions in which the petition claims damages exceeding $5,000. Accordingly, the constitutional right to trial de novo provided in Mo. Const. art. V, § 27(5), controls.

The term "contested" or "uncontested" had been used previously by the legislature in describing the jurisdiction of associate circuit court divisions. The Court Reform Revision Act of 1978, in delineating the jurisdiction of associate circuit court divisions, used the term "uncontested" repeatedly.[5] The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in the statute in their plain and ordinary meaning. *Metro Auto Auction v. Director of Revenue,* 707 S.W.2d 397, 401 (Mo. banc 1986). Where the language is clear and unambiguous, there is no room for construction. *Id.* Appellate courts must be guided by what the legislature said, not by what the courts think it meant to say. *Metro Auto Auction,* at 401; *Missouri Public Service Co. v. Platte–Clay Elec. Coop.,* 407 S.W.2d 883, 891 (Mo.1966). This court believes the legislature would have intended the term "contested" to have the same meaning when amending § 512.180 in 1986 as it had when the term was used in the Court Reform Revision Act of 1978. "In construing a statute it is reasonable to presume that a word has the same meaning in every place used. 73 Am.Jur.2d, Statutes, § 232, p. 415." *A.M.G. v. Missouri Div. of Family Services,* 660 S.W.2d 370, 372 (Mo.App. 1983). "Ordinarily, the same words used in different statutes on the same subject are interpreted to have the same meaning." 73 Am.Jur.2d *Statutes* § 233 (1974).

It will not be presumed that the general assembly inserted idle verbiage or superfluous language in § 512.180(2) when it used the word "contested" in describing the cases which would no longer be heard de novo. *Dodd v. Independence Stove & Furnace Co,* 330 Mo. 662, 671, 51 S.W.2d 114, 118 (1932); *State v. Smith,* 591 S.W.2d 263, 266 (Mo.App.1979). Despite criticism of the trial de novo from associate circuit court division judges as being an anachronism which should be eliminated,[6] the legislature made no changes in the de novo procedure until 1986. This court should not, and will not, speculate as to why the legislature in 1986 confined direct appeal to "contested" cases placed on "record," any more than we would comment on the arbitrary $5,000 distinction made in § 512.180(1). However, often cited reasons to eliminate trial de novo are: (a) "Two trials result in unjustified and added expense;" (b) "trial de novo adds to the backlog of cases in the circuit." *See* 39 Mo.Bar J., *supra,* at 206. Such criticisms are less persuasive when dealing with uncontested and default matters. They do not consume

---

5. Section 478.225.3 RSMo (1978) read: "Each associate circuit judge within the county or the city of St. Louis for which he is an associate circuit judge may also hear and determine ...;

(1) *Uncontested* dissolution ..., legal separation or separate maintenance proceedings;

(2) *Uncontested* motions to modify ...;

. . . . .

(5) *Uncontested* proceedings for the approval of settlement of ... claims by persons under eighteen years of age; and

(6) *Uncontested* actions involving the title to real estate." (Emphasis added)

6. *See* Cohen, *Continuing the Court Reform: Eliminating the Trial De Novo From the Associate Circuit Judge,* 39 Mo.Bar J. 200 (1983). Judge Robert S. Cohen's observations were that "The trial de novo has historic roots in Missouri's judicial system. Though it once fulfilled important purposes, the trial de novo from the associate circuit judge is now an anachronism and should be eliminated. A record should be made of all associate circuit judge trials and appeals should be taken to the appellate courts. Court reform is a continuing process and did not end on January 2, 1979."

the time nor cause the expense that two "contested" trials would entail.

This court finds that the proceedings here were not "contested"; accordingly, trial de novo was available to defendants. To "contest" a civil case means "[t]o assert a defense to an adverse claim in a court proceeding. To oppose, resist, or dispute the case made by a plaintiff.... To strive to win or hold. To controvert, litigate, call in question, challenge. To defend, as a suit or other proceeding...." BLACK'S LAW DICTIONARY 320 (6th ed. 1990) The term "uncontested" includes those cases which are heard by default. *Krohn v. Krohn,* 744 S.W.2d 883, 885 (Mo.App.1988).

> Default cases are cases to which the defendant has not responded and are ready to be heard by the court unchallenged; they are not then contested.

*Krohn,* at 885.

In this case, no contest was made by defendants prior to entry of the default judgment.[7] Clearly the case was treated by the associate circuit court division judge as a default matter.[8] Plaintiff properly points out that ordinarily, "[t]he option of a trial de novo is not open to the aggrieved litigant under subsection 2 [of section 512.-180]." *John W. Meara & Co. v. George,* 774 S.W.2d 552, 554 (Mo.App.1989). However, *John W. Meara & Co. v. George,* was a "contested civil" case; an "[a]nswer was timely made accompanied by a counterclaim for actual and punitive damages for

abuse of process." *Id.* at 552. In the case at bar, defendants were not aggrieved litigants under § 512.180(2) because this was not a "contested" civil case. If defendants were "aggrieved litigant[s]" under § 512.180(1), then, clearly, trial de novo was available to defendants and the trial court properly exercised its jurisdiction under § 512.180(1). If no part of § 512.180 provided review for defendants, such review was afforded them by Mo. CONST. art. V, § 27(5).[9] Defendants timely filed their application for trial de novo. Accordingly, the circuit court had jurisdiction to hear the matter de novo.

Judgment affirmed.

PARRISH, P.J., and HOGAN, J., concur.

---

7. Consideration has been given to § 517.031(2) which reads: "Affirmative defenses, counterclaims and cross claims shall be filed in writing.... *No other responsive pleading need be filed. If no responsive pleading is filed, the statements made in the petition ... shall be considered denied* except as provided in section 517.132." (Emphasis added.) This statutory relief from filing a responsive pleading does not provide the "contest" (i.e. the defense, opposition, resistance or dispute of the plaintiff's case) contemplated by § 512.180(2).

8. In *State ex rel. JCA Architects v. Schmidt,* 751 S.W.2d 756 (Mo. banc 1988), one point raised was that appeal should have been to the court of appeals rather than trial de novo because the possible recovery could exceed $5000.00 when attorney fees and interest was added. This argument was rejected, with the court saying:

> The court [associate Circuit Judge] treated the case as one in which trial de novo was authorized under § 512.180, RSMo 1986.... No stenographic or electronic record of the trial was preserved.
>
> . . . . .
>
> By the plain language of § 512.180, the guideline is provided by the "damages" claimed in the "petition." *Judge Dickerson, furthermore, treated the case as one in which trial de novo would be available, and preserved no record for appellate review.*
>
> *Id.* 757–58 (emphasis added).

9. Mo. CONST. art. 1, § 14, mandates that "the courts of justice shall be open to every person...."