### BARRY–WEHMILLER CO., and Amerisure Companies, Employer–Insurer/Appellants.

#### No. 63189.

Missouri Court of Appeals, Eastern District, Division One.

June 29, 1993.

Raymond J. Flunker and Jeffrey M. Proske, Evans & Dixon, St. Louis, for appellant.

John J. Larsen, Jr., St. Louis, for respondent.

Before AHRENS, P.J., and REINHARD and CRIST, JJ.

### ORDER

PER CURIAM.

Employer and employer's insurer appeal from the final award of the Labor and Industrial Relations Commission (Commission), affirming an award of workers' compensation benefits and medical expenses to claimant. We affirm. The findings and conclusion of the Commission are supported by substantial evidence on the whole record; an extended opinion would have no precedential value. The parties have been furnished with a memorandum for their information only setting forth the reasons for our order affirming the judgment pursuant to Rule 84.16(b).

■

### David WULFF, Respondent,

and

### Mid–City Lumber Company Ltd., Plaintiff/Intervenor,

v.

### Gus KAKADIARIS, Appellant.

#### No. WD 47376.

Missouri Court of Appeals, Western District.

June 29, 1993.

Charles W. Franklin, Fulton, for appellant.

Thomas Michael Schneider, Columbia, for respondent.

Before FENNER, P.J., and SPINDEN and SMART, JJ.

SPINDEN, Judge.

Neither Gus Kakadiaris nor his attorney appeared for a trial of a lawsuit against Kakadiaris by David Wulff before an associate circuit judge. Kakadiaris attempted to appeal the associate circuit judge's money judgment for Wulff, but the circuit court dismissed his application for trial de novo. We reverse and remand with instructions.

Wulff, doing business as Wulff Construction, sued Kakadiaris for breach of contract and requested $12,368.15 in damages. Kakadiaris did not file an answer, but he hired an attorney to represent him. The attorney requested a continuance and asked for a change of judge. The associate circuit judge overruled the requests because they were not timely. Although Kakadiaris did not appear for trial, the associ-

ate circuit judge heard evidence on the record and entered a money judgment for Wulff. Kakadiaris timely applied for a trial de novo in circuit court, but the circuit court dismissed the case, apparently for lack of jurisdiction.

Kakadiaris appeals. He relies principally on the holding in *Weston Point Resort Condominium Owners' Association, Inc. v. Floro,* 796 S.W.2d 928, 931 (Mo.App. 1990), that a trial de novo is available for a default judgment rendered by an associate circuit judge, even if a petition requests more than $5000 in damages.

We agree that the *Weston Point* holding is the correct pronouncement of the law. The *Weston Point* court concluded that MO. CONST. ART. V, § 27.5 (1945), upholds a right to a trial de novo as the method of reviewing an associate circuit judge's judgment "until otherwise provided by law." The General Assembly made an alternative provision in § 512.180, RSMo 1986. Section 512.180.2 says that an aggrieved party may appeal a *contested* civil case for more than $5000 tried on the record before an associate circuit judge to the appropriate appellate court.

Kakadiaris' case, however, was not a contested case. *Id.* at 931. Default matters are "uncontested" because they are tried without challenge or contest. *Id.* The constitutional right to a trial de novo, therefore, remains intact in uncontested cases. This remains true although Kakadiaris participated in the proceedings by requesting a continuance and a change of judge and by giving his deposition.

Generally, a defendant appearing before an associate circuit judge is not required to file a responsive pleading. If he does not, the court must deem the petition's averments to be at issue. Section 517.031, RSMo Supp.1992. An associate circuit judge may enter a default judgment when a defendant, who has been properly served, fails to appear for trial. Section 517.131, RSMo Supp.1992.[1]

1. In contrast, when a defendant files an answer and fails to appear for trial, the resulting judgment is not technically a "default judgment," and that judgment constitutes a "contested civil case" for purposes of § 512.180.2, RSMo 1986. See *Weston Point,* 796 S.W.2d at 931; *John W. Meara & Co. v. George,* 774 S.W.2d 552 (Mo.App. 1989).

Kakadiaris did not file an answer and did not appear for trial. His motions, concerning procedural matters, did not constitute "pleadings." He did nothing to raise a defense or to challenge Wulff's petition.

Because the associate circuit judge entered a default judgment against Kakadiaris in an uncontested case, he was entitled to a trial de novo as a matter of constitutional right. We reverse the trial court's dismissal of Kakadiaris' application for a trial de novo and remand the cause for trial.

All concur.