STATE of Missouri, ex rel. Layne
ANDERSON, Relator,

v.

The Honorable W. Stephen NIXON,
16th Judicial Circuit, Jackson
County, Respondent.

No. WD 64037.

Missouri Court of Appeals,
Western District.

March 22, 2005.

Darren E. Fulcher, Kansas City, MO,
for appellant.

David H. Bony, Kansas City, MO, for
respondent.

Before BRECKENRIDGE, P.J., SPINDEN and HARDWICK, JJ.

PATRICIA BRECKENRIDGE, Judge.

Layne Anderson filed a petition for writ of prohibition seeking to prohibit the Honorable W. Stephen Nixon, a circuit judge, from taking any further action in the underlying case other than to dismiss the application for trial de novo filed by the defendant, Robert Morris, d/b/a MJM AutoSales. Mr. Anderson claims that Mr. Morris is not entitled to a trial de novo because the judgment for damages entered in favor of Mr. Anderson and against Mr. Morris by the associate circuit judge was not a default judgment but, rather, was a judgment in a contested case. This court granted Mr. Anderson's preliminary writ of prohibition and ordered the circuit judge to take no further action other than to dismiss Mr. Morris' application for trial de novo. The preliminary writ of prohibition is now made absolute.

## Factual and Procedural Background

On October 15, 2002, Mr. Anderson filed a petition in an associate division of the Jackson County Circuit Court alleging, *inter alia*, claims of breach of contract, fraud, violation of the Missouri Merchandising Practices Act, and violation of the statute requiring proper assignment of a motor vehicle title against Mr. Morris, d/b/a MJM Auto Sales. Mr. Anderson sought damages in excess of $10,000 on each alternative count. Mr. Morris did not file an answer.

The matter was called for trial on July 11, 2003. Mr. Anderson appeared in person and by counsel. Mr. Morris was not present, but his counsel appeared on his behalf. Mr. Anderson presented his own testimony and was cross-examined by Mr. Morris' counsel. Mr. Morris' counsel also made an opening statement and a closing argument.

On July 18, 2003, the associate circuit judge entered judgment, finding against Mr. Anderson on his claims of breach of contract, fraud, and violation of the statute requiring proper assignment of a motor vehicle title. The associate circuit judge found in favor of Mr. Anderson on his claim that Mr. Morris violated the Missouri Merchandising Practices Act. The associate circuit judge awarded Mr. Anderson $9000 in damages, $2500 in attorney's fees, and court costs, which included $25 in special process server fees.

On July 21, 2003, Mr. Morris filed an application for trial de novo before a circuit judge. In response, Mr. Anderson filed a motion to strike or, alternatively, to dismiss Mr. Morris' application for trial de novo. In his motion, he alleged that Mr. Morris was not entitled to a trial de novo because the petition claimed damages of more than $5000, and the case in the associate division was contested. Therefore, Mr. Anderson argued that Mr. Morris' only remedy was an appeal to this court.

The circuit judge entered an order on February 25, 2004, denying Mr. Anderson's motion to strike or, alternatively, to dismiss Mr. Morris' application for a trial de novo. In the order, the circuit judge indicated that the case before the associate circuit judge was uncontested and the associate circuit judge's judgment was a default judgment. The circuit judge further indicated that, because the case was uncontested, Mr. Morris was entitled to a trial de novo. The circuit judge set the case for trial.

Mr. Anderson filed a petition for writ of prohibition with this court. In his petition, he alleged that the case before the associate circuit judge was contested, requiring Mr. Morris to appeal to this court rather than seek a trial de novo. This court

issued a preliminary writ of prohibition, ordering the circuit judge "to refrain from all action in the premises, other than to dismiss Robert Morris' application for trial de novo."

## Circuit Judge's Order Exceeded Jurisdiction

■ "Prohibition is a powerful writ, divesting the body against whom it is directed to cease further activities." *State ex rel. Riverside Joint Venture v. Mo. Gaming Comm'n,* 969 S.W.2d 218, 221 (Mo. banc 1998). As such, the Supreme Court has limited its application to "three, fairly rare, categories of cases." *Id.* These three types of cases are those in which:

> 1) the trial court exceeded its personal or subject matter jurisdiction; 2) the trial court exceeded its jurisdiction or abused its discretion to such an extent that it lacked the power to act as it did; or 3) there is no adequate remedy by appeal for the party seeking the writ, and the "aggrieved party may suffer considerable hardship and expense as a consequence of the erroneous decision [of the lower court]."

*State Bd. of Registration for Healing Arts v. Brown,* 121 S.W.3d 234, 236 (Mo. banc 2003) (quoting *State ex rel. Chassaing v. Mummert,* 887 S.W.2d 573, 577 (Mo. banc 1994)).

■ Mr. Anderson argues that the circuit judge exceeded his jurisdiction under section 512.180, RSMo Cum.Supp. 2001,[1] because the only method of review of the associate circuit judge's decision was an appeal to this court. Section 512.180 discusses the review of cases tried before an associate circuit judge:

1. Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge, other than an associate circuit judge sitting in the probate division or who has been assigned to hear the case on the record under procedures applicable before circuit judges, shall have the right of a trial de novo in all cases where the petition claims damages not to exceed three thousand dollars.

2. In all other contested civil cases tried with or without a jury before an associate circuit judge or on assignment under such procedures applicable before circuit judges or in any misdemeanor case or county ordinance violation cases a record shall be kept, and any person aggrieved by a judgment rendered in any such case may have an appeal upon that record to the appropriate appellate court. At the discretion of the judge, but in compliance with the rules of the supreme court, the record may be a stenographic record or one made by the utilization of electronic, magnetic, or mechanical sound or video recording devices.

While this statute provides for review of cases heard on the record where the petition claims damages less than $3000, and it provides for review of all other contested civil cases, the statute does not provide for review of uncontested civil cases before an associate circuit judge where the petition claims damages in excess of $3000. *See Weston Point Resort Condominium Owners' Ass'n, Inc. v. Floro,* 796 S.W.2d 928, 929–30 (Mo.App.1990) (referring to the 1987 version of section 512.180.1, in which the threshold dollar amount was $5000 instead of $3000).[2] Therefore, under Mo.

---

1. All statutory references are to the Revised Statutes of Missouri Cumulative Supplement 2001, unless otherwise indicated.

2. The threshold dollar amount was lowered from $5000 to $3000 in 2001. Section 512.180.1, RSMo Cum.Supp.2001. This amount remained the threshold amount until

CONST. art. V, section 27.5,[3] uncontested cases before an associate circuit judge where the petition claims damages of more than $3000 may be reviewed by a trial de novo. *See Weston Point,* 796 S.W.2d at 930. In this case, where the petition clearly claimed damages in excess of $3000, the dispute is whether the proceeding before the associate circuit judge was a contested case, requiring Mr. Morris to appeal to this court rather than seek a trial de novo.

■ Mr. Morris first argues the case was uncontested because he did not file an answer to Mr. Anderson's petition. Under section 517.031.2, RSMo 2000,[4] however, Mr. Morris was not required to file a responsive pleading unless he intended to raise an affirmative defense, counterclaim, or cross claim. Thus, his failure to file an answer is not dispositive of whether this was a contested case under 512.180.2.

■ Mr. Morris next argues that the case was uncontested because he did not appear at trial. Although Mr. Morris did not attend the trial, the judgment indicates that his counsel attended and entered an appearance on Mr. Morris' behalf. Where a party does not personally appear at trial but counsel does appear, the party is deemed to have appeared at trial through counsel. *See Harrington v. Harrington,* 153 S.W.3d 315, 317 n. 3 (Mo.App.2005); *Spirtas Co. v. Div. of Design & Constr.,* 131 S.W.3d 411, 415–16 (Mo.App.2004); *Grimes v. Bagwell,* 809 S.W.2d 441, 444 (Mo.App.1991). Mr. Morris appeared at trial through counsel.

Because Mr. Morris appeared at trial through counsel, the associate circuit judge's judgment was not a default judgment. *See* section 517.131, RSMo 2000 (an associate circuit judge may enter a default judgment where a properly-served defendant fails to appear at trial). That Mr. Morris appeared at trial through counsel and was not in default distinguishes this case from those relied upon by Mr. Morris. Unlike Mr. Morris, the defendants in *Wulff v. Kakadiaris,* 856 S.W.2d 128, 129 (Mo.App.1993), and *Weston Point,* 796 S.W.2d at 928–29, failed to appear at trial. Therefore, the cases were uncontested and the judgments against the defendants were default judgments, entitling them to a trial de novo before a circuit judge. *Wulff,* 856 S.W.2d at 130; *Weston Point,* 796 S.W.2d at 931.

Although the judgment entered against Mr. Morris was not a default judgment, he argues that it was, nevertheless, "uncon-

---

2004. Section 512.180.1, RSMo Cum.Supp. 2004, now provides:

Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge, other than an associate circuit judge sitting in the probate division or who has been assigned to hear the case on the record under procedures applicable before circuit judges, shall have the right of a trial de novo in all cases tried before municipal court or under the provisions of chapters 482 [small claims courts], 534 [forcible entry and unlawful detainer], and 535 [landlord—tenant actions], RSMo.

3. Mo. CONST. art. V, section 27.5 provides, in pertinent part:

The right to and method of review from a final judgment or appealable order of an associate circuit judge ... shall, until otherwise provided by law, be de novo before a circuit judge or another associate circuit judge within the circuit....

4. Section 517.031.2, RSMo 2000, provides:

Affirmative defenses, counterclaims and cross claims shall be filed in writing not later than the return date and time of the summons unless leave to file the same at a later date is granted by the court. No other responsive pleading need be filed. If no responsive pleading is filed, the statements made in the petition, affirmative defenses, counterclaims or cross claims shall be considered denied except as provided in section 517.132.

**310**

tested" because he did not testify, call witnesses, or introduce any evidence on his behalf during the trial. The court in *Weston Point* held that to "contest" a case means " '[t]o assert a defense to an adverse claim in a court proceeding. To oppose, resist, or dispute the case made by a plaintiff. . . . To strive to win or hold. To controvert, litigate, call in question, challenge. To defend, as a suit or other proceeding.' " 796 S.W.2d at 931 (quoting BLACK'S LAW DICTIONARY 320 (6th ed.1990)). Mr. Morris admitted, in his suggestions in opposition to Mr. Anderson's petition for writ of prohibition, that his counsel cross-examined Mr. Anderson, made an opening statement, and made a closing argument. Thus, through his counsel, Mr. Morris opposed, resisted, disputed, called into question, and challenged Mr. Anderson's case. The case was contested. That Mr. Morris failed to take the opportunity to support his challenge to Mr. Anderson's case with his own testimony or other evidence on his behalf did not make the case uncontested.

Because this was a contested case, Mr. Morris was required to appeal the associate circuit judge's judgment to this court rather than seek a trial de novo. Section 512.180.2. Therefore, the circuit judge exceeded his jurisdiction in denying Mr. Anderson's motion to dismiss Mr. Morris' application for trial de novo. *See Mesa v. Cesena,* 121 S.W.3d 334, 336 (Mo.App. 2003). Accordingly, this court's preliminary writ of prohibition is made absolute.

All concur.