**Ollie FISHER and Caroline Fisher, Plaintiffs–Respondents,**

v.

**Dan MURPHY d/b/a Bill and Dan's Transmission, Defendant–Appellant.**

No. 57993.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 11, 1990.

Isadore Scher, Clayton, for defendant-appellant.

Jennifer H. Fisher, St. Louis, for plaintiffs-respondents.

KAROHL, Judge.

Defendant, Dan Murphy, d/b/a Bill and Dan's Transmission, appeals from a judgment of $5000 entered on January 30, 1990, in favor of plaintiffs, Ollie and Caroline Fisher. We find the trial court did not have jurisdiction to enter the judgment because a previous judgment in the same case was a final judgment.

Plaintiffs filed a two count petition. Count I claimed conversion of an automobile and damages of $12,500. Count II claimed breach of contract and damages totaling $7,500. Throughout all the proceedings before the trial court defendant acted pro se, except for the filing of notice of appeal. At a trial setting on October 4, 1989, the parties and the court signed a memo which was in the nature of a settlement. Defendant was to repair and return plaintiffs' automobile by a fixed date or judgment would be entered for $1,100 and costs. Defendant did not perform. On October 23, 1989, the parties appeared for trial. We have no record of these proceedings and do not know if defendant relied on the settlement agreement. On October 23, 1989, the associate circuit court entered judgment dismissing Count I and finding in favor of plaintiffs on Count II awarding $4,800 in damages.

On November 7, 1989, defendant filed a pro se application for trial de novo. After rehearing on January 30, 1990, the court entered judgment for plaintiffs, and awarded $5,000. It is this judgment from which defendant now appeals.

For procedural reasons we find the court did not acquire jurisdiction of the case. For several reasons the appeal must be dismissed. First, defendant applied for the trial de novo too late. The judgment was entered on October 23, 1989. The application was filed on November 7, 1989. This is beyond the ten day limit set out in § 512.190 RSMo Cum.Supp.1989.

Second, Count II of the petition alleged damages of $7,500. Trial de novo of a civil case in the associate circuit court is authorized only if the "petition" claims damages of $5,000 or less. Section 512.180 RSMo Cum.Supp.1989.

The trial court lacked jurisdiction under the statute allowing a trial de novo. Therefore, the trial de novo proceedings are void. *Collins & Associate Dietary Consultants, Inc. v. Labor & Indus. Relations Comm'n,* 724 S.W.2d 243, 245 (Mo. banc 1987).

The appeal is dismissed. Respondent's motion for damages for frivolous appeal is denied.

PUDLOWSKI, P.J., and GRIMM, J., concur.