**David CHRISTMAN and Velma Christman, Plaintiffs/Respondents,**

v.

**Ronald RICHARDSON and Shirley Richardson, Defendants/Appellants.**

**No. 59705.**

Missouri Court of Appeals, Eastern District, Division One.

Oct. 29, 1991.

Daniel R. Devereaux, St. Louis, for defendants/appellants.

Margaret L. Van Dijk, Clayton, for plaintiffs/respondents.

GARY M. GAERTNER, Judge.

Appellants, Ronald and Shirley Richardson, appeal an order of the Associate Circuit Court of St. Louis County finding in favor of respondents, David and Velma Christman, on respondents' petition on account and denying appellants' counterclaim. We dismiss the appeal.

On July 19, 1990, respondents filed a petition on account in the Associate Circuit Court for St. Louis County. In their petition, respondents alleged that appellants entered into a lease with respondents for real property located at 3856 McRee Avenue in the City of St. Louis. Respondents further alleged that appellants had refused to pay all amounts due. On August 15, 1990, appellants filed their answer and counterclaim. In their counterclaim, appellants alleged that they paid $3,600.00 into an escrow account over the term of the lease, that this sum was to be used toward the purchase price of the property if appellants elected to buy the property and that, as they decided against exercising their option, respondents owed this amount to appellants.

A bench trial was held on the petition and counterclaim on October 24, 1990. Although appellants contend that the trial was transcribed and recorded by tape, respondents submit that the trial was not on the record and we find no record of the proceedings filed with this court. On November 1, 1990, the Associate Circuit Court entered judgment for respondents in the amount of $3,465.25 plus $400.00 in attorney's fees and denied appellants' counterclaim.

On November 8, 1990, appellants filed a motion for a new trial in the Associate Circuit Court. This motion was heard and denied on December 5, 1990. Appellants then filed a motion for reconsideration. The motion for reconsideration was called for a hearing on December 19, 1990, but, due to appellants' counsel's inability to attend, the hearing was continued until January 16, 1991. The motion for reconsideration was denied on that day and this appeal followed.

The right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists. *State ex rel. Benton v. Airport Limousine Service, Premiere Service Corp.*, 791 S.W.2d 482, 483 (Mo.App., E.D.1990). Appeals from the Associate Circuit Courts are controlled by RSMo § 512.180 (1986). Under that statute, parties aggrieved by a judgment in a civil case tried without a jury before an associate circuit court judge have the right to a trial de novo where the trial is off the record and the trial concerns damages that do not exceed $5,000.00. RSMo § 512.180.1 (1986). Only where the case does not fit this description may a party appeal directly to the appellate court. *Benton*, 791 S.W.2d at 483.

The present case clearly falls within RSMo § 512.180.1 (1986). Appellants' sole recourse was to file for a trial de novo in the circuit court. An appeal directly to this court is not available.

Appellants contend that their motion for a new trial should have been considered to be a mislabeled application for a trial de novo. In support of their argument, appellants cite this court to cases where the aggrieved parties clearly mislabeled their motion but where the intent of the motion to appeal was clear. *See City of Lake Winnebago v. Sharp,* 652 S.W.2d 118 (Mo. banc 1983); *Hloben v. Henry,* 660 S.W.2d 431 (Mo.App., E.D.1983). In the present case, appellants styled their motion as a motion for a new trial. A reading of the motion reveals no other intent in the motion and we do not believe that the contents of the motion were sufficient to confer notice on the respondents that the purpose of the motion was to apply for a trial de novo.

Finally, we note that appellants failed to file for appeal until January 25, 1991. Rule 81.04 requires notice of appeal to be filed not later than ten days after the judgment appealed from becomes final. The judgment below became final on December 5, 1990, when the trial court denied appellants' motion for a new trial. *John W. Meara & Co. v. George,* 774 S.W.2d 552, 554 (Mo.App., W.D.1989). Appellants' motion for reconsideration had no legal effect as no Missouri rule provides for such a motion. *Jacobs v. Howard,* 801 S.W.2d 744, 745 (Mo.App., E.D.1990). Appellants' appeal was, thus, filed in an untimely fashion and we cannot consider it now.

This appeal is dismissed.

REINHARD, P.J., and CRANE, J., concur.