Michael L. KOHNEN and Linda L. Kohnen, Respondents,

v.

Walee A. HAMEED and Toni R. Hameed, Appellants.

No. 64881.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 7, 1995.

Rehearing Denied March 7, 1995.

---

William Phineas Russell, Jr., St. Louis, for appellants.

Robert Lee Striler, Clayton, for respondents.

GARY M. GAERTNER, Judge.

Appellants, Walee A. and Toni R. Hameed, appeal from an order and judgment rendered against them in an unlawful detainer action brought by respondents, Michael L. and Linda L. Kohnen. We affirm.

On May 10, 1993, appellants petitioned for specific performance of an alleged purchase agreement for a tract of land located in Jennings, Missouri. Appellants contended they had entered into a written agreement with respondents on April 27, 1989, wherein respondents agreed to sell the property to appellants for approximately $47,000, to be paid in part through monthly installments of $667.45 to respondents' mortgage company. Appellants also alleged respondents executed a deed to the property and gave it to appellants, but never recorded said deed. Appellants claimed that, after entering into the contract, they made payments of $3,000, $500, and $1,000 as part of the purchase price, as well as the monthly payments set out in the contract. Appellants further claimed they made improvements to the premises and corrected housing violations. According to appellants, they were the owners of the property in question and entitled to possession.

Two days later, on May 12, 1993, respondents brought an unlawful detainer action against appellants pursuant to RSMo §§ 534.030 [1] and 441.060.1 [2] (1986). Respondents alleged the following in their petition. Pursuant to two lease agreements—each of which contained options to buy—respondents leased property to appellants on a month-to-month tenancy with rent of $500 due on the first day of each month. Appellants never exercised their option to buy, and became tenants at will in a month-to-month periodic tenancy upon the expiration of the second lease agreement. This tenancy terminated on April 30, 1993, due to non-payment of rent. Respondents had been entitled to possession of the premises since that date. Appellants willfully and unlawfully held over and detained possession of the premises. As a result, respondents sustained damages in the amount of $500 per month since April 30, 1993. Respondents requested judgment for

---

1. RSMo § 534.030 states: "When any person shall willfully and without force hold over any lands, tenements or other possessions, after the termination of the time for which they were demised or let to him, ... such person shall be deemed guilty of an 'unlawful detainer'."

2. RSMo § 441.060.1 states: "A tenancy at will or by sufferance, ... may be terminated by the person entitled to the possession by giving one month's notice, in writing, to the person in possession, requiring him to move."

possession of the premises and double rent for each month appellants remained on the property after termination of their tenancy.

On June 17, 1993, appellants moved for a stay of respondents' unlawful detainer action, or in the alternative, consolidation of the case with appellants' specific performance action or dismissal of the unlawful detainer action. Said motion was called, heard and denied on July 22, 1993.[3]

On August 3, 1993, a trial on respondents' unlawful detainer action was held before the Associate Circuit Judge of St. Louis County. Appellants moved to dismiss the action on the grounds that it was barred by RSMo § 534.300 [4] (1986), as appellants had been in lawful possession of the premises since April 27, 1989. The court denied appellants' motion. Respondents entered the two lease agreements into evidence. Appellants attempted to enter the alleged purchase agreement into evidence, but the court held the agreement inadmissible due to the best evidence rule.[5]

At the conclusion of the trial, the court ruled there was no valid enforceable contract defeating respondents' right to possession, appellants were tenants of respondents, and respondents were entitled to judgment.

The court entered a formal judgment on September 14, 1993, making the following findings: respondents were title owners of the property; appellants were tenants at will; respondents gave appellants proper notice to vacate the premises; and respondents were entitled to possession of the premises. The court awarded $4,000 in damages, which was double rent ($1,000 per month) owed by appellants for the four months they failed to make payments after termination of the ten-

ancy (May, June, July and August of 1993). The court also awarded double rent for each month that accrued from the date of the trial until appellants delivered possession, or were removed from possession by execution of the judgment.

No post-trial motions were filed, nor did appellants apply for a trial de novo. The judgment was executed and appellants were evicted on October 21, 1993. Appellants appealed directly to this Court, filing notice of appeal on October 22, 1993.

Respondents twice moved to dismiss the appeal for lack of jurisdiction, alleging appellants did not file the appeal within the time allotted them. We denied both motions. Respondents again urge dismissal in their brief, arguing this Court's jurisdiction was not properly invoked because appellants failed to timely apply for a trial de novo as required under RSMo § 512.190 (1986).[6]

■ "The right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists." *Christman v. Richardson,* 818 S.W.2d 307, 308 (Mo.App. E.D.1991). Appeals and trials de novo on unlawful detainer actions are allowed and conducted in the manner provided for in Chapter 512. RSMo § 534.380 (1986). RSMo § 512.180 (1986) controls appeals from cases tried before associate circuit judges. *Christman,* 818 S.W.2d at 308. There is a right of trial de novo in all civil cases tried without a jury before an associate court judge "where the petition claims damages not to exceed five thousand dollars." RSMo § 512.180.1. The statute also states: "In all other contested civil cases tried with or without a jury before an associate circuit judge ... a record shall be kept, and any person

---

**3.** Appellants' specific performance action, Cause No. 650514, was pending at the time of the trial on respondents' unlawful detainer action. There was no final judgment on that action as of November 8, 1993, the date respondents filed their first motion to dismiss appellants' appeal. The record before us does not reveal how Cause No. 650514 was resolved.

**4.** RSMo § 534.300 states: "The provisions of [Chapter 534—Forcible Entry and Unlawful Detainer] shall not extend to any person who has had the uninterrupted occupation or been in quiet possession of any lands or tenements for

the space of three whole years together, immediately preceding the filing of the complaint...."

**5.** Appellants did not have the original purchase agreement, and there apparently was an alteration on the copy that was provided to the court. The court refused to allow the copy into evidence, citing the best evidence rule.

**6.** RSMo § 512.190.1 states: "The right of trial de novo ... shall be perfected by filing an application for trial de novo ... within ten days after the judgment is rendered."

aggrieved by a judgment rendered in any such case may have an appeal upon that record to the appropriate appellate court." RSMo § 512.180.2.

▉ Where an action for damages not exceeding $5,000 is tried without a jury before an associate circuit judge, the aggrieved party's only recourse is to timely apply for a trial de novo. *Christman*, 818 S.W.2d at 308. Judgments in civil actions which do not involve claims for damages, or where the damages requested exceed $5,000, fall within the statutory term "all other contested civil cases" and are appealable directly to the appellate court. *Robinson v. Director of Revenue*, 762 S.W.2d 872, 873–874 (Mo.App. E.D.1989); *Aldridge v. First Financial Insurance Company*, 828 S.W.2d 734, 735 (Mo. App.S.D.1992).

▉ Here, respondents petitioned for damages equal to double the rent ($1,000) for each month appellants remained on the property. The amount of damages requested by respondents was open-ended, dependent on the cumulative number of months appellants held over on the premises. This amount was not necessarily less than $5,000.[7] The facts of this case contrast with the facts of those decisions finding no right of direct appeal because the aggrieved party petitioned for a specific amount of damages less than $5,000. *See Christman*, 818 S.W.2d at 308; *Aldridge*, 828 S.W.2d at 735. Therefore, appellants' right of appeal was governed by RSMo § 512.180.2.

Respondents refer us to *V.F.W. v. Summersville Saddle Club*, 788 S.W.2d 796 (Mo. App.S.D.1990), as authority for their conten-

tion this Court lacks jurisdiction over the appeal. *Summersville* involved a judgment entered in June of 1988 by an associate circuit judge dismissing a petition for unlawful detainer. It is unclear as to when the petition was filed. The petitioner appealed directly to the Southern District. *Id.* at 798. The Southern District dismissed the appeal, ruling that the only procedure available for appealing a judgment on an unlawful detainer action was to file an application for a trial de novo within ten days after judgment was rendered by the associate circuit judge. *Id.* at 799.

We find *Summersville* is not controlling here. The statutes applied by the Southern District in that case have been repealed or amended, effective January 1, 1987.[8] Cases filed before associate circuit judges prior to January 1, 1987, were governed by the practice and procedure in effect on the date such cases were filed, including the right to trial de novo. RSMo § 517.161 (1986). We can only surmise the petition at issue in *Summersville* was filed prior to 1987. The Southern District refers only to pre–1987 law, and makes no reference at all to RSMo § 512.180, which, prior to 1987, did not provide for direct appeals from cases tried before associate circuit judges without a jury.[9] In any event, much of the relevant law relied upon in *Summersville* was repealed or amended when the petition herein was filed in 1993.

The case at issue here fell within the purview of RSMo § 512.180.2 and was directly appealable to this Court. Appellants did not err in failing to file for a trial de novo within ten days after the associate circuit judge's

---

7. In fact, the *actual* damages awarded by the associate circuit judge exceeded $5,000. In its judgment, the court awarded respondents double rent, or $1,000, for each month appellants held over on respondents' property from April 30, 1993, to August 3, 1993, the date of the trial. The court also awarded double rent for each month appellants remained on the property subsequent to August 3, 1993. Appellants were evicted October 21, 1993—two months later. Respondents were therefore entitled to damages equal to double rent for six months, or $6,000.

8. RSMo § 517.020.2 (1986) provided in subsections (2) and (5)—those relied on by the *Summersville* court—that the general rules of discov-

ery did apply to proceedings before associate circuit judges, but the rules relating to trial settings, default judgments, costs, after-trial motions, appeals, and extraordinary remedies did *not* apply. Effective January 1, 1987, RSMo § 517.020 was repealed and replaced by RSMo § 517.021 (1986), which states: "The rules of civil procedure shall apply to cases or classes of cases to which this chapter is applicable, except where otherwise provided by law."

9. Effective January 1, 1987, RSMo § 512.180.2 was amended to allow direct appeals from both jury *and* non-jury trials before associate circuit judges. *See* RSMo § 512.180.2 (1986).

decision of September 14, 1993. This Court has jurisdiction to hear appellants' appeal.

Turning to the merits of the case, we address appellants' two points on appeal together. Appellants contend the associate circuit judge lacked jurisdiction over the case, alleging the following: appellants had purchased the property from respondents on April 27, 1989; appellants were accordingly owners of the property as of that date, and not tenants of respondents; because appellants were in peaceful and quiet possession of the property for over three years, respondents' action for unlawful detainer was barred by RSMo § 534.300. We disagree.

■ On appeals of unlawful detainer actions, we will sustain the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Kiefer v. First Capitol Sports Center, Inc.,* 684 S.W.2d 483, 487 (Mo.App.E.D.1984) (citing *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976)). RSMo § 534.300 bars unlawful detainer actions where the premises have been occupied continuously for over three years. However, a landlord-tenant relationship makes RSMo § 534.300 inapplicable. *See F.A. Sander Real Estate & Inv. Co. v. Becker,* 202 S.W.2d 549, 551 (Mo.App.St.L.1947).[10] Even where the defendant in an unlawful detainer action has had possession of the premises for three years prior to the filing of the complaint, if his or her possession had at all times been as the plaintiff's tenant, then refusal to deliver up possession after demand in writing renders the defendant liable. *Id.*

■ Here, the associate circuit judge found a landlord-tenant relationship between appellants and respondents, and therefore refused to dismiss the case pursuant to RSMo § 534.300. This finding was not erroneous. Respondents provided, via the two lease agreements, substantial evidence that appellants occupied the premises as tenants at will. Where a party occupies property under a lease with an option to buy, that party becomes a tenant at will upon the expiration of the option. *See Powell v.*

10. This opinion discusses RSMo § 2854 (1939),

*Plank,* 141 Mo.App. 406, 125 S.W. 836, 839 (Spfld.1910).

Substantial evidence supported the associate circuit judge's finding that appellants were tenants at will of respondents and unlawfully holding over on respondents' property. Accordingly, we affirm the judgment.

REINHARD, P.J., and CRAHAN, J., concur.

the precursor to RSMo § 534.300.