**Tonya DAVIS, Respondent,**

v.

**John A. OAKS, Appellant.**

**No. WD 52136.**

Missouri Court of Appeals,
Western District.

April 15, 1997.

Robert K. Ball, II, Adam G. North, Kansas City, for appellant.

Wm. H. Reynolds, Independence, for respondent.

Before ULRICH, C.J., P.J., and BRECKENRIDGE and HANNA, JJ.

BRECKENRIDGE, Judge.

The appellant, John Oaks, appeals from the order of the circuit court dismissing his application for a trial de novo, and the denial of his motion to set aside the order dismissing his application. Mr. Oaks filed an application for a trial de novo with the circuit court following the entry of a judgment against him in an associate division of the court. Mr. Oaks maintains that he is entitled to a trial de novo and requests this court to reverse the circuit court order and remand the case for a trial de novo. Because the petition filed in the associate division did not meet the statutory requirement for a trial de novo, Mr. Oaks' only remedy was to appeal from the associate circuit court's judgment to this court. The circuit court did not have jurisdiction over Mr. Oaks' application for a trial de novo, so it did not have jurisdiction to rule on the motion to dismiss, and its order was null and void. As this court cannot review a null and void order, the appeal is dismissed.

The respondent, Tonya Davis, initiated this case against Mr. Oaks in the Associate Division of the Circuit Court of Jackson County, Missouri by filing a petition against Mr. Oaks for assault which prayed for $25,000 in damages. The docket sheet from the associate division described the "nature of the action" as "ACJD Tort $5001–$25,000." A contested bench trial was held on February 6, 1995. The associate circuit judge took the matter under advisement and, on March 7, 1995, entered judgment in favor of Ms. Davis and against Mr. Oaks in the amount of $2,300 plus costs. Within the time allowed by law, Mr. Oaks applied to the circuit court for a trial de novo and the matter was eventually set for hearing on November 15, 1995. The record does not reflect the exact time the hearing was scheduled to occur on that date. Mr. Oaks' notes stated that the hearing was set for 1:30 p.m. Ms. Davis contends that both her counsel and the judge had noted the hearing was to begin at 1:00 p.m. The judge and Ms. Davis appeared at 1:00 p.m. Mr. Oaks did not appear at this time and, upon motion by Ms. Davis, the court dismissed Mr. Oaks' application for a trial de novo and reinstated in full the judgment of the associate division. Mr. Oaks claims to have appeared with counsel at 1:35 p.m., but the order dismissing his application had already been entered.

Mr. Oaks then filed a motion to set aside the dismissal claiming a valid defense to Ms. Davis' assault claim and that his failure to appear at 1:00 was the result of excusable neglect. The circuit court denied the motion on December 13, 1995. It is from this order and the order dismissing his application that Mr. Oaks filed his notice of appeal to this court on December 26, 1995.

■ Mr. Oaks asserts on appeal that the dismissal of his application for trial de novo for his failure to appear for trial at 1:00 p.m. on November 15, 1995, was an abuse of the circuit court's discretion and a violation of due process of law. Ms. Davis responds that Mr. Oaks was not entitled to a trial de novo following the associate circuit court judgment

under § 512.180, RSMo 1994.[1] She argues that the circuit court lacked jurisdiction over the matter, which renders moot the issues raised by Mr. Oaks on appeal. Ms. Davis challenges the jurisdiction of the circuit court for the first time on appeal. Subject matter jurisdiction, however, cannot be waived and may be raised at any time. *Groh v. Groh*, 910 S.W.2d 747, 749 (Mo.App.1995); *Ogle v. Director of Revenue*, 893 S.W.2d 403, 404 (Mo.App.1995).

■ The relief available to a party aggrieved by a judgment in a civil case tried before an associate circuit judge is governed by § 512.180. *Farinella v. Croft*, 922 S.W.2d 755, 756 (Mo. banc 1996); *Federated Mortg. & Inv. Co. v. Jones*, 850 S.W.2d 113, 114 (Mo.App.1993); *John W. Meara & Co. v. George*, 774 S.W.2d 552, 554 (Mo.App.1989). In Missouri, the right to appeal is purely statutory and does not exist unless a statute grants the right. *Farinella*, 922 S.W.2d at 756; *Hatfield v. Cristopher*, 841 S.W.2d 761, 764 (Mo.App.1992); *Christman v. Richardson*, 818 S.W.2d 307, 308 (Mo.App.1991). Section 512.180 provides a remedy for a party aggrieved by a judgment in a civil case entered by an associate circuit judge in the form of either a trial de novo or direct appeal to this court, depending on the facts of the case. *Federated Mortg.*, 850 S.W.2d at 114. Section 512.180 is divided into two subsections, the first of which describes the circumstances under which a party is entitled to a trial de novo, and the second of which sets forth the requirements for direct appeal to this court following a judgment entered by an associate circuit judge. *Farinella*, 922 S.W.2d at 757.

■ Under the first subsection of § 512.180, a trial de novo is available where the petition "claims damages not to exceed five thousand dollars," unless the judge was assigned to hear the case on the record under procedures applicable to circuit judges, or the judge was sitting in the probate division. *Id.* at 756. Judgments in contested civil actions, where the damages requested in the petition exceed the jurisdictional amount of $5,000, are appealable directly to the ap-

propriate court of appeals. *Kohnen v. Hameed*, 894 S.W.2d 196, 199 (Mo.App.1995). A statement in the petition that the amount claimed is more or less than $5,000 puts the court and the opposing party on notice of the procedures applicable to the litigation, including the appropriate remedy for a party aggrieved by a judgment. *See Farinella*, 922 S.W.2d at 758 (Robertson, J., dissenting).

■ Thus, the determinative question is whether the application of § 512.180 to the facts of this case entitles Mr. Oaks to a trial de novo. This court holds that a trial de novo was a recourse not open to Mr. Oaks because the prayer of Ms. Davis' petition for assault articulated a claim for damages in the amount of $25,000. Therefore, her petition did not meet the amount-in-controversy requirement for a trial de novo under § 512.180.1. The right to a trial de novo under § 512.180.1 is reserved only for those cases before an associate circuit judge where the petition claims damages of $5,000 or less. *Hatfield*, 841 S.W.2d at 764.

■ Mr. Oaks argues that Ms. Davis' statement requesting damages of $25,000 was in the prayer, not the body of her petition, and should be disregarded. He is correct that, under Missouri law, the prayer is not part of the petition. *La Presto v. La Presto*, 285 S.W.2d 568, 571 (Mo.1955). This general rule does not aid Mr. Oaks, however, because "pleadings in the associate circuit division are to be informal absent the court's discretion directing otherwise." *Farinella*, 922 S.W.2d at 756; § 517.031. Here, there is no evidence in the record that the trial court directed otherwise, therefore, the informal pleading rules apply. Under informal pleading, all that is required is a pleading that sufficiently notifies the defendant of the nature of the claim. *Pemiscot County Memorial Hosp. v. Bell*, 770 S.W.2d 499, 502 (Mo.App.1989). Since Ms. Davis sufficiently communicated by her petition that the amount in controversy was not $5,000 or less, the form of her pleading was not significant.

Ms. Davis' prayer for $25,000 determined the procedures applicable to the case. Under § 512.180.2, Mr. Oaks, as the aggrieved

---

1. All statutory citations are to Revised Missouri Statutes 1994, unless otherwise stated.

party, was required to appeal directly to the court of appeals.

Given the conclusion that Mr. Oaks was not entitled to a trial de novo, it necessarily follows that the motion to dismiss Mr. Oaks' application for a trial de novo was ruled upon by a court without jurisdiction. *Fisher v. Murphy,* 800 S.W.2d 160, 161 (Mo.App.1990). The trial de novo proceedings before the circuit court and the order dismissing the application for a trial de novo, which is the basis of this appeal, are null and void. *Id. See also Collins & Assoc. v. Labor & Indus. Rel. Com'n,* 724 S.W.2d 243, 245 (Mo. banc 1987) ("Where court has no subject matter jurisdiction, its proceedings are absolutely void.").

This court's dismissal of Mr. Oaks' appeal precludes consideration of the merits of his points relied on because there is nothing for an appeals court to review in a null and void order. *Miller v. Mauzey,* 917 S.W.2d 633, 636 (Mo.App.1996); *Stephens v. Estate of Campbell,* 865 S.W.2d 411, 412 (Mo.App. 1993). "An appeal without statutory sanction confers no authority upon an appellate court except to enter an order dismissing the appeal." *Farinella,* 922 S.W.2d at 757–58 (quoting *Aldridge,* 828 S.W.2d at 735).

The appeal is dismissed.

All concur.