STATE ex rel. John J. KRASKA and Mary Jane Kraska and TMWS, Inc. d/b/a The Marvin Window And Door Store, Petitioners,

v.

Hon. Jon A. CUNNINGHAM, 11th Circuit and John W. Gierer and Luellen M. Gierer, Respondents.

No. ED 77048.

Missouri Court of Appeals, Eastern District, Writ Division Two.

Dec. 21, 1999.

Tod O'Donoghue, St. Louis, for Appellant.

Gerard A. Neiters, O'Fallon, for Respondent.

SIMON, Presiding Judge.

John J. and Mary Jane Kraska and TMWS, Inc. d/b/a The Marvin Window and Door Store, petitioners, filed a petition for a writ prohibiting the Honorable Jon A. Cunningham, an associate circuit court judge of the Circuit Court of St. Charles County, from taking any further action in the proceeding, except to deny John Gierer's and Luellen Gierer's application for trial de novo and dismiss the proceedings. We issued a preliminary order and respondent filed an answer. We dispense with further briefing as permitted by Rule 84.24(j). The Preliminary Order is made Permanent.

On June 5, 1999, the Gierers filed an amended petition with three counts against John J. and Mary Jane Kraska and TMWS in the associate circuit court of St. Charles County, seeking recovery for damages

arising out of work performed by TMWS on a residence which was subject to a sale contract between the Gierers and Mary Jane Kraska. Count one sought damages in the amount of $3,370.00 against Mary Jane Kraska and TMWS. The Gierers alleged that Mary Jane Kraska, through her agent, John J. Kraska, contracted the services of TMWS, their agent, to repair windows and sliding glass doors at the residence and that the work was defective, thereby breaching the contract. In the alternative, count two sought damages from TMWS in the amount of $3,370.00. The Gierers alleged that TMWS employees attempted to repair certain doors at the residence without authorization and that the TMWS employees damaged the doors while attempting the repairs, resulting in damage to the Gierers' residence. Count three charged John J. and Mary Jane Kraska with fraud and sought additional damages in the amount of $2,500.00. Therefore, Gierers' petition in counts one and three sought recovery of a total of $5,870.00 against Mary Jane Kraska.

Petitioners filed separate motions to dismiss the amended petition for failure to state a claim upon which relief could be granted. On August 5, 1999, the motions were granted and the petition was dismissed. On August 13, the Gierers filed an application for trial de novo with the circuit court and on August 23, 1999, the application was granted. On September 27, petitioners filed motions to dismiss asserting that the application for trial de novo was not proper under section 512.180 RSMo 1994 (all further references shall be to RSMo 1994, unless otherwise noted) because Gierers' petition sought damages in excess of $5,000.00. On October 20, the circuit court denied the motions and set the cause for trial on November 19, 1999.

■ The relief available to a party aggrieved by a judgment in a civil case tried before an associate circuit judge is governed by Section 512.180. *Farinella v. Croft,* 922 S.W.2d 755, 756 (Mo.banc 1996). In Missouri, the right to appeal is purely statutory and does not exist, unless a statute grants the right. *Davis v. Oaks,* 942 S.W.2d 464, 466 (Mo.App. W.D.1997).

Section 512.180, which provides a remedy for a party aggrieved by a judgment in a civil case entered by an associate circuit judge in the form of either a trial de novo or direct appeal to this court, depending on the facts of the case, is divided into two subsections. *Id.* The first describes the circumstances under which a party is entitled to a trial de novo, and the second sets forth the requirements for direct appeal to this court following a judgment entered by an associate circuit judge. *Id.*

Under the first subsection of section 512.180, a trial de novo is available where the petition "claims damages not to exceed five thousand dollars," unless the judge was assigned to hear the case on the record under procedures applicable to circuit judges, or the judge was sitting in the probate division. *Id.* Judgments in contested civil actions, where the damages requested in the petition exceed the jurisdictional amount of $5,000, are appealable directly to the appropriate court of appeals. *Id.* A statement in the petition that the amount claimed is more or less than $5,000 puts the court and the opposing party on notice of the procedure applicable to the litigation, including the appropriate remedy for a party aggrieved by a judgment. *Id.*

■ Thus, the determinative question is whether the application of section 512.180 to the facts of this case entitles the Gierers to a trial de novo. Here, Gierers' petition in counts one and three stated a claim for damages in the amount of $5,870.00 against Mary Jane Kraska, exceeding the jurisdictional limit of section 512.180.1. Because the right to a trial de novo under section 512.180 is reserved only for those cases before an associate circuit judge where the petition claims damages of $5,000.00 or less, the circuit court was without jurisdiction to rule on Gierers' application for trial de novo. Gi-

erers' appropriate remedy is a direct appeal.

PRELIMINARY ORDER MADE PERMANENT.

LAWRENCE E. MOONEY, J. and MARY RHODES RUSSELL, C.J., concur.