Carolynne M. **KIEFFER**, Appellant,

v.

Patrick D. **NIEMEYER**, Respondent.

No. ED 81651.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 26, 2003.

---

James A. Stemmler, St. Louis, MO, for appellant.

Patrick N. Mehan, Clayton, MO, for respondent.

## OPINION

GLENN A. NORTON, Presiding Judge.

Carolynne Kieffer ("landlord") appeals the circuit court's judgment after trial de novo, dismissing her claim against Patrick Niemeyer ("tenant") for breach of lease and granting tenant's counterclaim for his security deposit. We dismiss the appeal.

## I. BACKGROUND

Landlord filed a petition in the associate division of the circuit court for damages for breach of lease, property damage, charges relating to rent and consequential damages totaling $10,535. Tenant counterclaimed for his security deposit. After a judgment denying both claims, landlord filed an application for trial *de novo*. After the trial *de novo*, landlord's claim was dismissed, and judgment was entered in favor of tenant on his counterclaim. This appeal follows.

## II. DISCUSSION

Tenant has challenged this Court's jurisdiction on appeal. Our jurisdiction derives from that of the circuit court. *In re Marriage of Jeffrey*, 53 S.W.3d 173, 175 (Mo.App. E.D.2001). If the circuit court does not have jurisdiction to consider the merits of a case, then this Court has no jurisdiction to consider an appeal therefrom. *Id.* The sufficiency of the evidence to establish that the circuit court could exercise jurisdiction is a question of law, which we review independently on appeal. *Norman v. Fischer Chevrolet Oldsmobile, Inc.*, 50 S.W.3d 313, 316 (Mo. App. E.D.2001).

Section 512.180 RSMo 2000 provides a party aggrieved by a judgment in a civil case entered by an associate circuit judge two possible remedies, depending on the facts of the case. *State ex rel. Kraska v. Cunningham*, 25 S.W.3d 481, 482 (Mo.App.

E.D.1999). The first remedy is a trial de novo:

> Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge, other than an associate circuit judge sitting in the probate division or who has been assigned to hear the case on the record under procedures applicable before circuit judge, shall have the right of a trial de novo in all cases where the petition claims damages not to exceed five thousand dollars.

Section 512.180.1. In contested civil actions where the damages requested in the petition exceed $5,000, the judgment is appealable directly to the appropriate court of appeal. *Kraska*, 25 S.W.3d at 482; section 512.180.1.

 In this case, landlord's petition stated a claim for damages in the amount of $10,535. Because the right to a trial de novo under section 512.180 is reserved only for those cases before an associate circuit judge where the petition claims damages of $5,000 or less, the circuit court was without jurisdiction to proceed on landlord's application for trial *de novo. Kraska*, 25 S.W.3d at 482. Thus, the judgment was entered without jurisdiction and is void. *Bellon Wrecking & Salvage Co. v. David Orf, Inc.*, 983 S.W.2d 541, 549 (Mo. App. E.D.1998). If a judgment is void, then an appellate court acquires jurisdiction only to determine the invalidity of the judgment and to dismiss the appeal. *Id.*

### III. CONCLUSION

The appeal is dismissed.

KATHIANNE KNAUP CRANE, J. and MARY K. HOFF, J. concurring.