**Rudolph MESA, Appellant,**

v.

**Helen CESENA, Respondent.**

**No. WD 61895.**

Missouri Court of Appeals,
Western District.

Dec. 16, 2003.

Robert H. Dunsford, Kansas City, MO, for respondent.

William M. Nelson, Overland Park, KS, for appellant.

Before THOMAS H. NEWTON, P.J., PAUL M. SPINDEN and VICTOR C. HOWARD, JJ.

THOMAS H. NEWTON, Presiding Judge.

Mr. Rudolph Mesa appeals from the circuit court's order, which dismissed his application for trial de novo. We dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

This case originated as a property dispute. Mr. Rudolph Mesa filed a "Petition for Removal of Encroaching Structures on

Land" against Ms. Helen Cesena. Mr. Mesa filed the petition in the associate circuit division of the Jackson County Circuit Court. Ms. Cesena filed a counterclaim for adverse possession. The parties tried the case to the associate circuit judge, who entered judgment on December 21, 2001, against Mr. Mesa on his claim and in favor of Ms. Cesena on her counterclaim.

On January 7, 2002, as a pro se litigant, Mr. Mesa sent an ex parte letter to the associate circuit judge. In that letter Mr. Mesa wrote:

> JUDGE BAKER I ASK TO SET ASIDE JUDGMENT ON CASE 01CV207596 ON DECEMBER 21ST 2001.
>
> DUE TO THE FACT:
>
> MY ATTORNEY INFORMED ME I HAD 30 DAYS FROM JUDGEMENT TO APPEAL. THE CIRCUIT COURT PEOPLE INFORMED ON JAN 7, 2002 HAD ONLY TEN DAYS FRONT DECISION DATE TO APPEAL
>
> THEREFOR I REQUEST NEW COURT HEARING FOR AN APPEAL. THANK YOU.[1]

Without notice to the parties or a hearing, the associate circuit judge entered an order on January 11, 2002, setting aside and then reinstating the December 21 judgment "to allow the parties an opportunity to file a request for trial de novo within ten days from the date of this order." On January 15, 2002, Mr. Mesa filed an application for trial de novo before a circuit court judge. On June 26, 2002, Ms. Cesena filed a motion to dismiss Mr. Mesa's application for trial de novo. After

a hearing on the motion, the circuit court entered an order on August 22, 2002, sustaining Ms. Cesena's motion to dismiss. The circuit court concluded that the associate circuit judge lacked jurisdiction to enter the order setting aside and then reinstating the December 21, 2001, judgment because the ten-day period for filing an application for trial de novo under section 512.190 [2] had expired. Mr. Mesa appeals from the circuit court's order sustaining Ms. Cesena's motion to dismiss.

## LEGAL ANALYSIS

### A. Mr. Mesa's Brief Violates Rule 84.04[3]

Mr. Mesa's point relied on says:

> The Honorable Charles E. Atwell erred in sustaining Defendant–Appellee's Motion to Dismiss on the grounds that Judge Baker must have necessarily construed this case as an action encompassed in Section 512.180.1 of the Revised Statutes of Missouri, where neither Judge made any specific findings as the to [sic] the Court's subject matter jurisdiction, and therefore, the Court's August 22, 2002, Order must be reversed and this case remanded for further proceedings.

This point violates the rule because it fails to "state concisely the legal reasons for the appellant's claim of reversible error." Rule 84.04(d)(1)(B). It also fails to "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1)(C). Nonetheless, we choose to address the point on the merits.

---

1. Mr. Mesa's letter is reproduced here exactly as he wrote it, without correcting any grammatical errors.

2. Unless otherwise indicated, all statutory references are to RSMo 2000.

3. All rule references are to the Missouri Court Rules 2003.

**B. The Circuit Court Had No Jurisdiction Over This Matter**

■ "In Missouri, the right to appeal is purely statutory and does not exist unless a statute grants the right." *Davis v. Oaks*, 942 S.W.2d 464, 466 (Mo.App. W.D. 1997). Section 512.180 governs appeals from cases tried before an associate circuit judge. It affords an aggrieved party one of two remedies, either a trial de novo or a direct appeal to this court. *Id.* In court-tried civil cases before an associate circuit judge, a party may seek a trial de novo "where the petition claims damages not to exceed five thousand dollars," unless the judge was assigned to hear the case on the record under procedures applicable before circuit judges, or the judge was sitting in the probate division. Section 512.180.1. In all other contested civil cases, a party may seek direct appeal to the appropriate appellate court. Section 512.180.2. The term "all other contested civil cases" includes cases that do not involve damages, or where the damages requested exceed five thousand dollars. *Kohnen v. Hameed*, 894 S.W.2d 196, 199 (Mo.App. E.D.1995).

■ In this case, Mr. Mesa's petition does not indicate whether his claimed damages exceed $5,000; his petition only specified damages "in an amount that is fair and reasonable." On appeal, however, both parties agree that section 512.180.1 does not apply. Moreover, Mr. Mesa estimates in his appellate brief that he has suffered "in excess of $8,500 in lost market value." [4]

Because Mr. Mesa claims that his damages exceed $5,000, section 512.180.2 represents the exclusive avenue for appealing the associate circuit judge's ruling. And because section 512.180.2 governs, the circuit court lacked jurisdiction to rule on Ms. Cesena's motion to dismiss the application for trial de novo, this court has nothing to do except to declare that the circuit court lacked jurisdiction over the matter and dismiss the appeal. *See Davis*, 942 S.W.2d at 467 ("Given the conclusion that Mr. Oaks was not entitled to a trial de novo, it necessarily follows that the motion to dismiss Mr. Oaks' application for a trial de novo was ruled upon by a court without jurisdiction.... The trial de novo proceedings before the circuit court and the order dismissing the application for a trial de novo, which is the basis for this appeal, are null and void.... This court's dismissal of Mr. Oaks' appeal precludes consideration of the merits of his points relied on because there is nothing for an appeals court to review in a null and void order."). Accordingly, we dismiss Mr. Mesa's appeal for lack of jurisdiction.[5]

PAUL M. SPINDEN and VICTOR C. HOWARD, JJ., concur.

---

**4.** Mr. Mesa wrongly contends that section 512.180.1 "only applies to cases whose jurisdictional amount is less than three thousand dollars." As noted already, the amount is $5,000. Mr. Mesa also wrongly equates section 512.180.1 to small claims actions. Section 512.180.1 does not pertain to small claims actions, but to actions before associate circuit judges. Chapter 482 contains separate provisions for small claims actions; those provisions are not at issue here. *Cf.* section 482.300, et seq.

**5.** Mr. Mesa evidently confuses the procedural limitations contained in Chapter 517 with a restriction on the associate circuit judge's jurisdiction to hear the case that he filed in the associate circuit division. Somewhat opaquely in his briefing, and again at oral argument, Mr. Mesa argued that this case does not fall

within Chapter 517 and that section 512.180 does not apply here. As this court has explained before, however, Chapter 517 places a limit on the applicability of certain procedural provisions but does not otherwise restrict the associate circuit judge's jurisdiction. *See B.C. Nat'l. Banks v. Potts,* 30 S.W.3d 220, 223 (Mo.App. W.D.2000).