**WALDEN HOMEOWNERS ASSOCIATION, Respondent,**

v.

**Kevin SHAFINIA, Appellant.**

No. WD 72647.

Missouri Court of Appeals, Western District.

Nov. 22, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 20, 2011.

Kevin Shafinia, Kansas City, MO, pro se.

Rodney J. Hoffman, Kansas City, MO, for respondent.

Before: ALOK AHUJA, P.J., and THOMAS H. NEWTON and JAMES E. WELSH, JJ.

ALOK AHUJA, Judge.

Kevin Shafinia appeals from a judgment of the Circuit Court of Platte County, which dismissed his application for a trial *de novo* following the entry of a judgment against him for $1,184.77 by the court's associate circuit division. For the reasons

explained below, we dismiss Shafinia's appeal.

### Factual Background

Respondent Walden Homeowners Association filed the underlying lawsuit in the associate circuit division of the Circuit Court of Platte County on February 29, 2008. The petition alleged that Shafinia had failed to pay homeowners association assessments and related fees of $435.00. Following a bench trial, the associate circuit division entered a judgment against Shafinia in the amount of $1,184.77 on September 15, 2008, representing Shafinia's unpaid assessments, late fees, a lien fee, and Walden's attorneys fees.

Shafinia filed an application for trial *de novo* in the circuit court on September 22, 2008. Walden filed objections to Shafinia's application. Shafinia failed to include Walden's objections in the legal file, and it is therefore unclear on exactly what basis Walden sought to dismiss Shafinia's application. From the transcript of the hearing on Walden's objections, it appears that Walden argued that the case does not fall into any of the categories of cases in which a trial *de novo* is available under § 512.180.1, RSMo.

On June 18, 2010, the circuit court entered its judgment dismissing Shafinia's application for a trial *de novo*. Shafinia filed his notice of appeal on June 23, 2010. The notice of appeal designates the circuit court's judgment dismissing his application for a trial *de novo* as the judgment from which this appeal is taken.

### Analysis

■ Shafinia argues that the judgment entered against him by the associate circuit division is not supported by substantial evidence, because he had in fact paid all homeowners association assessments which were owing, as evidenced by cancelled checks he presented at trial. While Shafinia argues the merits of the underlying dispute, however, he fails to challenge the judgment of the circuit court, from which he actually appealed. That judgment did not address the merits, but dismissed Shafinia's application for a trial *de novo* on the basis of Walden's objections that a trial *de novo* was unavailable.

In these circumstances—where Shafinia fails to challenge the basis on which the circuit court entered judgment against him—dismissal of Shafinia's appeal is warranted. We addressed similar circumstances in *Rainey v. SSPS, Inc.*, 259 S.W.3d 603 (Mo.App. W.D.2008). In *Rainey*, the Labor and Industrial Relations Commission denied an unemployment compensation benefits claim because the claimant had failed to timely appeal the initial determination of the claim by a deputy in the Division of Employment Security. Although the Commission in *Rainey*—like the circuit court here—had decided the claim solely on procedural grounds, the claimant's brief on appeal did not discuss the untimely-appeal issue, but instead addressed only the merits of his benefits claim. We dismissed the appeal, explaining that

> This court may not properly address an issue that was not determined by the Commission. The only issue that was before the Commission, and the only issue it decided . . . , was the timeliness of Rainey's appeal under § 288.070.4. That is the only issue that this Court could review in this appeal, and Rainey would only be entitled to relief here if we were to determine that the Commission erroneously dismissed his administrative appeal. Yet Rainey's Amended Brief makes no argument concerning the timeliness of his appeal—indeed, his Amended Brief does not even acknowledge that the untimeliness of his admin-

istrative appeal was the basis upon which the Commission denied him benefits.

While it may not be stated explicitly in Rule 84.04, the fundamental requirement for an appellate argument is that it demonstrate the erroneousness of the basis upon which a lower court or agency issued an adverse ruling. Unless an appellant challenges the grounds on which an adverse ruling depends, he has shown no entitlement to appellate relief.

*Id.* at 606 (citations and internal quotation marks omitted).

Here, the sole issue decided by the circuit court was whether Shafinia was entitled to a trial *de novo*. As in *Rainey*, Shafinia's Brief does not address (or even acknowledge) this issue, and he has therefore failed to show any grounds for reversal of the circuit court's judgment.[1]

█ It may be that Shafinia no longer contends that he was entitled to a trial *de novo* in the circuit court. However, if a trial *de novo* was unavailable, Shafinia was required to file his appeal from the associate circuit division's judgment directly to this Court in the same manner, and within the same time, as in other civil cases. Section 512.180, RSMo provides:

1. Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge, other than an associate circuit judge sitting in the probate division or who has been assigned to hear the case on the record under procedures applicable before circuit judges, shall have the right of a trial de novo in all cases tried before municipal court or under the provisions of chapters 482, 534, and 535, RSMo.[2]

2. In all other contested civil cases tried with or without a jury before an associate circuit judge or on assignment under such procedures applicable before circuit judges or in any misdemeanor case or county ordinance violation case a record shall be kept, and *any person aggrieved by a judgment rendered in any such case may have an appeal upon that record to the appropriate appellate court . . . .*

(Emphasis added.) Under § 512.180, where a trial *de novo* is unavailable, the party aggrieved by the judgment of the associate circuit division must appeal directly to this Court. *See, e.g., Farinella v. Croft,* 922 S.W.2d 755, 756–57 (Mo. banc 1996); *State ex rel. Kraska v. Cunningham,* 25 S.W.3d 481, 482–83 (Mo.App. E.D. 1999); *Davis v. Oaks,* 942 S.W.2d 464, 466 (Mo.App. W.D.1997).

Rule 81.04(a) states that:

When an appeal is permitted by law from a trial court, a party may appeal from a judgment or order by filing with the clerk of the trial court a notice of appeal. No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final.

█ Subsequent to the entry of the associate circuit division's judgment, the record does not reflect the filing of any post-judgment motions by either party.[3] Un-

---

1. To the extent we were to find that the circuit court improperly denied Shafinia a trial *de novo*, the proper relief would be for this Court to reverse, and remand to the circuit court for such a trial. *See, e.g., City of Kansas City v. Dudley,* 244 S.W.3d 762, 765 (Mo.App. W.D.2008). We would not address the merits ourselves, as Shafinia's brief invites us to do.

2. Chapter 482 relates to small claims actions, chapter 534 to actions for forcible entry and unlawful detainer, and chapter 535 to landlord-tenant actions.

3. Shafinia's application for a trial *de novo* was not an authorized post-judgment motion which would stay the finality of the associate

der Rule 81.05(a)(1), the associate circuit division's judgment became final 30 days after its entry; Rule 81.04(a) required that Shafinia file a notice of appeal ten days thereafter. The associate circuit division entered its judgment on September 15, 2008. Shafinia did not file his notice of appeal until June 23, 2010, however. Therefore, to the extent Shafinia was seeking to appeal directly from the judgment entered by the associate circuit division, his notice of appeal was untimely, and we would still be required to dismiss because of a lack of appellate jurisdiction. *Spicer v. Donald N. Spicer Revocable Living Trust*, 336 S.W.3d 466, 471 (Mo. banc 2011) ("Timely filing of a notice of appeal is jurisdictional. *No such appeal shall be effective* unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final.") (citations and internal quotation marks omitted).[4]

■ Shafinia would not be entitled to relief even if he had properly perfected an appeal from the associate circuit division's judgment. The record on appeal does not contain a transcript of the bench trial on which that judgment is based. Given this omission, we would not consider the merits of Shafinia's claim that the associate circuit division lacked substantial evidence to en-

ter judgment against him, even if that issue were otherwise properly before us. *See, e.g., Lemons v. Lemons*, 318 S.W.3d 757, 759 (Mo.App. W.D.2010) (dismissing appeal where appellant failed to provide trial transcript, but argued "that the trial court improperly weighed, or ignored, evidence available to the trial court in arriving at its judgment").

## Conclusion

Although Shafinia is self-represented on appeal, he is subject to the same standards of appellate procedure applicable to litigants represented by counsel. *Id.* at 759–60; *Rainey*, 259 S.W.3d at 604; *Carter*, 202 S.W.3d at 707. Because he has failed to argue any ground for reversal of the circuit court judgment from which he appealed, and failed to timely appeal from the associate circuit division judgment which preceded it, his appeal is dismissed.[5]

All concur.

circuit division's judgment. *State v. Carter*, 202 S.W.3d 700, 705 & n. 6 (Mo.App. W.D. 2006).

4. Shafinia does not argue that his (unsuccessful) application for a trial *de novo* tolled Rule 81.04(a)'s time limit to appeal the associate circuit division's judgment. Even if Shafinia had made such an argument, it would appear to be foreclosed by *State v. Carter*, 202 S.W.3d 700, 709 (Mo.App. W.D.2006).

At oral argument, Shafinia contended that personnel in the circuit court clerk's office told him that he had to file an application for a trial *de novo*, rather than a notice of appeal to this Court. This assertion appears to be contrary to the position Shafinia took in the

circuit court, where he suggested that he had been instructed to apply for a trial *de novo* by unspecified persons at the University of Missouri–Kansas City Law School. Be that as it may, Shafinia made no argument in his Brief that erroneous advice from the circuit court clerk's office should affect our disposition, and the issue is therefore not properly presented.

5. Given our disposition, Walden's motion to dismiss Shafinia's appeal for violation of Rule 84.04's briefing requirements is denied as moot, although we recognize that Walden's motion possesses some merit.