

# Missouri Court of Appeals

## Southern District

### Division Two

WHEELHOUSE MARINA )
REAL ESTATE, LLC, )
                             )
        Plaintiff-Appellant, )
                             )    No. SD33838
vs. )    Filed: December 9, 2015
                             )
ANTHONY BOMMARITO, )
and DOCKNOCKERS, LLC, )
                             )
        Defendants-Respondents. )

### APPEAL FROM THE CIRCUIT COURT OF CAMDEN COUNTY

Honorable Bruce E. Colyer, Associate Circuit Judge

## REVERSED AND REMANDED WITH DIRECTIONS

Wheelhouse Marina Real Estate, LLC ("Wheelhouse") appeals the trial court's judgment which found that Wheelhouse was not entitled to damages from Anthony Bommarito ("Bommarito") and Docknockers, LLC ("Docknockers")[1] for unlawful detainer. Wheelhouse asserts one point of trial court error. We reverse and remand for further proceedings consistent with this opinion.

---

[1] Collectively the "Tenants."

## Facts and Procedural History

On March 3, 1993, Wheelhouse's predecessor in title[2] to real estate located in Camden County, Missouri, entered into a commercial lease ("the Lease") with Bommarito for a lot on which Bommarito[3] was to operate a bar and restaurant known as Docknockers Bar & Grill ("the Leased Premises").

The term of the Lease was for a period of 20 years beginning on March 3, 1993, and "ending on the 3[rd] day of March, []2013 unless sooner terminated as herein provided." (Underscore in original).  The Lease provided that:

> If Tenant remains in possession of the Leased Premises with the written consent of the Landlord, after the lease expiration date stated above, this Lease will be converted to a month-to-month Lease and each party shall have the right to terminate the Lease by giving at least one months' [sic] prior written notice to the other party.

Wheelhouse never gave written consent to the Tenants to remain in possession after the Lease ended.  After March 3, 2013, Wheelhouse locked up the building, which had been operated as Docknockers Bar & Grill, and Bommarito was prevented from removing his personal property from the Leased Premises.

On April 11, 2013, Wheelhouse filed its "Petition for Unlawful Detainer" asserting that the Tenants had refused to vacate the Leased Premises and deliver possession to Wheelhouse and as a result, Wheelhouse had suffered damages in the amount of $5,000 per month in lost rent.

On October 9, 2013, the trial court took up the possession issue of the lawsuit.  The parties stipulated that Wheelhouse was entitled to possession of the Leased Premises and the Tenants had until October 31, 2013, to remove all personal property.  On October 28, 2013, the

---

[2] Ralph Keeney entered into the Lease as Landlord.  Later, the Ralph Keeney Revocable Trust u/t/a dated April 28, 2006, was established and Wheelhouse was an asset of that trust.

[3] Bommarito operated the bar and grill under the company name of Docknockers, LLC.

trial court entered its "Judgment of Possession" in accordance with the parties' stipulation and set the issue of damages for a bench trial.

A bench trial was held on December 5, 2014, on the issue of damages. On December 22, 2014, the trial court entered its judgment. In its judgment, the trial court concluded: (1) that Wheelhouse failed to provide a notice and demand to vacate the Leased Premises to Tenants following the expiration of the Lease; (2) that without having given notice to vacate the property, no damages could be awarded; and (3) that Wheelhouse's failure to comply with section 534.030[4] defeated its claim for unlawful detainer. This appeal followed.

In its one point on appeal, Wheelhouse asserts the trial court erred in refusing to enter judgment against Tenants for damages because section 534.030 does not require written notice to the tenant in an unlawful detainer suit.

The issue for our determination is whether the trial court erroneously applied the law in finding that Wheelhouse's claim for unlawful detainer failed because Wheelhouse did not deliver written notice of termination to Tenants.

## Standard of Review

Our standard of review is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). In a court-tried case, the trial court's judgment will not be set aside unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32.

---

[4] All references to section 534.030 are to RSMo Cum.Supp. (2009).

3

**Analysis**

Wheelhouse argues that the trial court erroneously declared or applied the law in finding that Wheelhouse failed to provide notice and demand to vacate the Leased Premises pursuant to section 534.030.1, and this failure by the trial court precluded Wheelhouse from recovering damages.

Section 534.030.1 states:

> When any person willfully and without force holds over any lands, tenements or other possessions, after the termination of the time for which they were demised or let to the person, or the person under whom such person claims; or after a mortgage or deed of trust has been foreclosed and the person has received written notice of a foreclosure; or at least ten business days have elapsed after the date of the notice described in subsection 3 of this section; or when premises are occupied incident to the terms of employment and the employee holds over after the termination of such employment; or when any person wrongfully and without force, by disseisin, shall obtain and continue in possession of any lands, tenements or other possessions, and after demand made, in writing, for the delivery of such possession of the premises by the person having the legal right to such possession, or the person's agent or attorney, shall refuse or neglect to vacate such possession, such person is guilty of an 'unlawful detainer.'

"It is well established in Missouri that no notice or demand is necessary to maintain an unlawful detainer action against a tenant holding over at the end of a fixed term." *Cusumano v. Outdoors Today, Inc.*, 608 S.W.2d 136, 139 (Mo.App. E.D. 1980);[5] s*ee also* **P.M. Const. Services, Inc. v. Lewis**, 26 S.W.3d 284, 290 (Mo.App. W.D. 2000), **Jim Medve Inv. Co. v. Bailous**, 740 S.W.2d 678, 679-80 (Mo.App. E.D. 1987).

Here, there was a 20-year lease, the term of which had expired. The provision in the Lease allowing for extension and conversion to a month-to-month tenancy was not exercised by

---

[5] This notice rule varies depending on the type of tenancy at issue—for instance, to terminate a month-to-month tenancy, there must generally be at least one month's notice of termination before an unlawful detainer action may be properly maintained. *See e.g.*, **Tower Properties Co. v. Allen**, 33 S.W.3d 684, 689 (Mo.App. W.D. 2000), **Davidson v. Kenney**, 971 S.W.2d 896, 898-99 (Mo.App. W.D. 1998).

the parties. Because this was a holdover after a fixed term and not a month-to-month tenancy, the notice generally required for a month-to-month tenancy is not applicable here.

Tenants rely on *Kohnen v. Hameed*, 894 S.W.2d 196 (Mo.App. E.D. 1995), for the proposition that written notice is required to maintain an unlawful detainer action. However, unlike this case, *Kohnen* involved a month-to-month tenancy. *Id.* at 197-98. The trial court found that the landowners had given the proper one-month notice required for the termination of a month-to-month tenancy. *Id.* at 199. On appeal, the Eastern District of this Court found that tenant's possession of the premises was part of a landlord-tenant relationship, and therefore section 534.300's prohibition of unlawful detainer actions, where the subject property was peaceably possessed for three years prior to the institution of the action, was inapplicable; specifically, the court noted that this was a month-to-month tenancy and the landowners had given the one-month notice required for month-to-month tenancies. *Id.* at 200. *Kohnen* is inapplicable to the facts here.

The trial court erroneously applied the law by finding that Wheelhouse could not recover damages because it failed to give notice of termination at the end of the fixed tenancy. Based on this erroneous application of the law, the trial court did not reach the issue of damages. This decision expresses no opinion on the subject of damages. The judgment of the trial court is reversed and remanded for determinations consistent with this opinion.

WILLIAM W. FRANCIS, JR., J. – AUTHOR

NANCY STEFFEN RAHMEYER, J. – Concurs

GARY W. LYNCH, J. - Concurs